STATE OF MAINE *vs.* DEVERAUX N. FENLASON.

SAME *vs.* SAME.

Washington. Opinion February 17, 1887.

*Indictment. Perjury. Allegation of time.*

An indictment for perjury does not set forth with sufficient particularity the time when the offence was committed when the only allegation in reference to time is stated to be "heretofore, to wit: At the Supreme Judicial Court begun and holden at Machias, within and for the county of Washington,.

aforesaid, on the first Tuesday of January, in the year of our Lord one thousand eight hundred and eighty-six."

ON report.

Two indictments for perjury. The defendant claimed that they were invalid and insufficient on the ground that no definite time is alleged on which the crime was committed. The presiding justice was of the opinion that there was great doubt as to the sufficiency of the indictments in that respect, and, on his suggestion, the cases were reported by him to the law court, the county attorney and defendant agreeing thereto. "If the indictments are good, the cases are to be sent back for trial; if bad, they are to be quashed and the defendant discharged."

*Edward E. Livermore*, county attorney, for the state.

*George M. Hanson and Edgar Whidden*, for the defendant, cited: Archibald, Cr. Pl. § § 37, 38 (10th ed.); Whart. Cr. Ev. § 103, a; 2 Whart. Cr. L. § 1314 (8th ed.); Whart. Cr. Pl. & Pr. § 135 (8th ed.); *State* v. *Corson*, 59 Maine, 141; R. S., c. 122, § 4; *State* v. *Hanson*, 39 Maine, 337; *State* v. *Day*, 74 Maine, 220; *State* v. *Baker*, 34 Maine, 52.

FOSTER, J.    It is unnecessary to reiterate the well established rule in criminal pleadings which has so often been the subject of judicial decision, that the day upon which the state claims that the offence was committed should be stated in the indictment with certainty and precision.    *State* v. *Day*, 74 Maine, 221.

No indictment can be sustained which fails to set forth with precision some particular day as the time when the offence charged against the accused was committed, although it is not essential that the offence charged be proved to have been committed on the day alleged, except in cases where time is material, or an essential element in the constitution of the offence.    *State* v. *Hanson*, 39 Maine, 340; *State* v. *Baker*, 34 Maine, 52; *State* v. *Thurstin*, 35 Maine, 206; *Commonwealth* v. *Adams*, 1 Gray, 483; 1 Bish. Crim. Proc. § § 237, 251.

The rule should be complied with.    It must not be left to inference or conjecture.    A departure from the well settled

doctrine of the necessity of certainty and precision in the allegations as to time and place in criminal pleadings, would be dangerous in the extreme. However severe and unnecessarily strict these rules may sometimes appear, they have been too long established for their propriety to be questioned, or the necessity of the reason for their establishment to be stated.

While these rules are recognized by all the authorities, and are being constantly sustained by judicial decisions, the question that has most frequently arisen has been in reference to the observance of these rules, and whether certain averments have fulfilled their requirement.

In the cases now before us, the indictments contain no sufficient averment of the time when the offence of perjury is alleged to have been committed. No particular day is set forth. All that could reasonably be understood in relation to time is, that it was during the particular term of court named in the indictments. The only allegation in relation to time is that it was "heretofore, to wit: At the Supreme Judicial Court begun and holden at Machias, within and for the county of Washington aforesaid, on the first Tuesday of January, in the year of our Lord one thousand eight hundred and eighty-six, by Charles Danforth," etc. That the time referred to relates particularly to the session of the court is apparent, not only from the language used, but also from the fact that the indefinite statement of time contained first in the term "heretofore," is immediately thereafter particularized under the videlicet—"to wit: At the Supreme Judicial Court begun," etc.

In *State* v. *Hanson*, *supra*, this court held that designating the term of the court at which the offence happened was not a sufficient averment of the time required to be stated in an indictment for perjury. Such indictment could not be sustained as giving the accused sufficient notice of the "nature and cause of the accusation against him" required by the constitution.

Although the legislature has seen fit in some particulars to simplify the common law requisites in indictments for perjury, which formerly required great care and nicety of statement, and to reduce the essential averments to the smallest possible

compass consistent with constitutional requirements, · yet, even according to the form prescribed by statute, the distinct allegations of time and place are among the requisites of the several particulars which go to make up the offence. R. S., c. 122, § 4; *State* v. *Corson*, 59 Maine, 141. The defendant is entitled to a more definite allegation of time than that contained in these indictments. In accordance with the terms of the report the entry must be,

*Indictments quashed.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.