STATE v. JOHN T. RIDLEY.

*Criminal Jurisdiction—Conviction and Judgment—Collateral Attack—Perjury.*

1. The Superior Court has general jurisdiction of all assaults and batteries.

2. Where an indictment, found in October, 1893, charged that on the 1st of July, 1893, defendant made an assault with a deadly weapon, to-wit, a certain rock, knife and brickbat, want of jurisdiction did not appear, for, time not being of the essence of the offence, the charge would have been sustained and the jurisdiction maintained by proof of a simple assault more than one and less than two years from the finding of the indictment.

3. Where the jurisdiction of the Court is voidable by matter *de hors* the record, but no defect of authority appears upon an inspection of the record of an indictment, trial and conviction, such a record cannot be collaterally impeached in a prosecution for perjury for taking a false oath in the course of the trial by showing that the jurisdiction might have been ousted though it was not defeated.

INDICTMENT for perjury, tried before *Shuford, J.*, and a jury, at January Term, 1894, of DURHAM Superior Court.

On the trial it appeared that at a previous term of the Court the defendant and his wife were tried for an assault and battery upon one Dooms, and that the defendant had testified in that trial that he had no knife in his hands during the fight with Dooms, but that he struck Dooms several times with his fist. The fight occurred about July 1, 1893, and the indictment for the assault was at October Term, 1893, which charged that the defendants therein, John and Rosa Ridley, did assault Dooms with a deadly weapon, to-wit, "a certain rock, knife and brickbat."

On the trial of this indictment for perjury witness testified that John Ridley did have a knife in his hand, but did not attempt to strike Dooms with or to use it. Witness for

the defendant testified that he had no knife or other weapons in his hands at the time of the fight.

The defendant requested the Court to charge (among other things) as follows: "That the indictment in the criminal action entitled the State of North Carolina against John Ridley and Rosa Ridley, charged an assault and battery with a certain deadly weapon, to-wit, a rock, a knife and a brickbat, and having charged that the said assault and battery was committed on July 1, 1893, and the said indictment having been found upon a warrant at October Term, 1893, of the Superior Court of Durham County within six months of the time of the commission of the alleged assault and battery, the Superior Court had no jurisdiction of said offence and the defendant is not guilty."

The defendant was convicted, and appealed, assigning as error the refusal of the instruction prayed for.

*The Attorney General,* for the State.
*Mr. H. A. Foushee,* for defendant (appellant).

AVERY, J.: The Superior Court has general jurisdiction of all assaults and batteries, and where, in an indictment found in October, 1893, the charge was that the defendant "on the first day of July, 1893, did unlawfully assault, beat and wound one Henry Dooms with a deadly weapon, to-wit, a certain rock, knife and brickbat," etc., if the description of the weapon had been omitted altogether it would not have appeared from the indictment that there was a want of jurisdiction, because, time not being of the essence of the offence, the charge would have been sustained and the jurisdiction maintained by proof of a simple assault more than one and less than two years before the said first day of July, 1893. To sustain an indictment for perjury it is

necessary to show that the Court had jurisdiction of the subject-matter of the inquiry.   But where the Court had general jurisdiction (which in this case was exercised, culminating in conviction), and there are circumstances which, if they had been shown, would have made a particular case an exception to the general rule, a defendant convicted on a former trial, wherein he is charged to have committed perjury, cannot re-open the case in which he was tried, and show as matter of defence against the charge of perjury the circumstances that would, if proved on the trial, have ousted the jurisdiction of the Court.   It is too late to question the right of a Court to take cognizance after conviction, and when there is nothing on the face of the record that gives rise to any doubt as to the jurisdiction, and this is true even though a new trial may have been granted for error of the Court.   2 Bish. Cr. Law, sec. 1028 (5).   In such a case it must be conclusively presumed that the defendant offered no evidence to defeat the jurisdiction, because he could not.   The oath cannot be deemed extra judicial while the conviction and judgment of a Court of general jurisdiction are still undisturbed and upon the face of the record appear to be valid, not void.   1 Bishop, *supra*, sec. 440 (4).   The question is whether the jurisdiction existed, not whether it might, by the introduction of extrinsic facts on the trial, have been defeated.   18 Am. and Eng. Enc., 303; *State* v. *Wyatt*, 2 Hogan, 219; 2 Wharton Cr. Law, sec. 1258.

It may be said generally that where the jurisdiction of the Court is voidable by matter *de hors*, but no defect of authority appears upon an inspection of the record of an indictment, trial and conviction, such a record cannot be collaterally impeached in a prosecution for perjury for taking a false oath in the course of the trial by showing that the jurisdiction might have been ousted, though it was not defeated.   1 Bishop, *supra*, sec. 1028.

Upon the face of the record it does not appear that it was essential or material even to have proved on the trial the commission of any offence other than a simple assault committed more than one and less than two years before the finding of the indictment. It is needless therefore to discuss the question whether a knife, a brickbat or a rock (any one of the three) is *per se* and without special proof of its character or dimensions a deadly weapon. The presumption that the defendant was convicted of the assault and in the exercise of the rightful authority of the Court is, for the purposes of this trial, conclusive. It might have been material to know whether the defendant had a knife in his hand at any time during the progress of the fight in order to determine whether he entered into the conflict willingly and thereby became guilty of a simple assault. We are warranted in assuming from the testimony offered, without entering into a trial *de novo* of that indictment, that it did become material to show that the defendant, John Ridley, had a knife in his hand, though he may not have used or attempted to use it.

There was no error in refusing the instruction asked.

No Error.