STATE v. E. G. GLENN AND FRED. AMIS.

*Indictment for Affray—Affray—Sufficiency of Evidence.*

On the trial of defendants G. and A. for an affray and mutual assault with a deadly weapon it appeared that G., after walking up and down the street swearing that he could whip any man, struck A. in the face with his fist, the blow being heard across the street; that A. struck G. with a pair of iron plyers; that G. then put his hand in his pocket as if to draw a knife and A. caught him by the arms and prevented him from getting his hand out of the pocket, and that G., getting loose, jumped upon a box and, saying he was an officer, commanded the peace; *Held*, that the evidence was sufficient to support a verdict of guilty against G. (A. having pleaded guilty).

INDICTMENT for affray and assault with deadly weapons,

STATE *v.* AMIS.

tried before *Boykin, J.*, at Spring Term, 1896, of VANCE Superior Court.

The defendant Amis pleaded guilty, and upon the trial of defendant Glenn, L. W. Barnes, a witness for the State, testified that defendant Glenn was on the street in the town of Henderson, walking up and down, cursing and swearing that he was six steps and could whip any man ; that the defendant Amis was a few feet away, near a post ; that defendant Glenn walked up to defendant Amis and struck him with his fist in the face and knocked his head against the near-by post—the lick sounding loud enough to be plainly heard across the street by witness ; that defendant Amis struck Glenn with a pair of iron plyers ; that defendant Glenn then put his hand in his pocket as if to draw a knife, and defendant Amis caught him by the arms and prevented him from getting his hand out ; that defendant Glenn got away and jumped on a box and said he was an officer and commanded the peace. Other witnesses for the State testified to the same.

Defendant Glenn testified in his own behalf ; admitted he struck the defendant Amis, but said he was not mad with Amis at the time, and that Amis struck him with the pair of iron plyers.

There was no evidence that Glenn had any weapon.

There was a verdict of guilty. Motion for new trial because verdict was contrary to evidence, and because no deadly weapon was used, etc. Motion overruled. Judgment that the defendant be confined in common jail of Vance county for thirty days. Defendant Glenn appealed.

*Attorney General*, for the State.
*Mr. T. M. Pittman*, for defendant Glenn (appellant).

FAIRCLOTH, C. J.: Glenn and Amis were indicted for an affray and mutually assaulting and beating each other with

a deadly weapon. Amis plead guilty and Glenn was convicted. He appealed on the ground that no deadly weapon was used, and that the verdict was contrary to the evidence. We have found no authority to support his position. *State v. Allen,* 4 Hawks, 356; *State* v. *Stanly,* 4 Jones, 290; *State* v. *Ridley,* 114 N. C., 827. We are not informed whether the weapons used were deadly weapons or not, but we do observe that the application of the pair of iron plyers, whatever they may be, had an immediate and salutary effect by transforming a six-foot clubber into an officer, who at once began to discharge his duties by commanding the peace. We assume that the duties and privileges of a peace officer were considered and explained by the court, but the jury did not feel it to be their duty to excuse *this* peace officer for clubbing a citizen in the face with his fist, without any provocation, and if we were permitted to consider the question we think we could approve the verdict. We have no doubt that his Honor in pronouncing judgment gave the defendant full credit for his good intentions in trying to preserve the peace.

Affirmed.