OF THE

## STATE OF IOWA.

AT

## DES MOINES, OCTOBER TERM, A. D. 1902.

AND IN THE FIFTY-SIXTH YEAR OF THE STATE.

---

STATE OF IOWA v. ALFRED S. PERRY, Appellant.

Perjury: INDICTMENT: *Allegation of time oath was taken.* In an indictment for perjury, an allegation that the crime was committed "on or about" a specified date is sufficient as to time, it not being necessary to allege the precise date except when the date is a material ingredient of the crime.

*Facts concerning criminal charge in which oath was taken need not be averred.* In an indictment for perjury committed at a preliminary examination of defendant on a charge of indecent exposure of his person, neither the facts constituting the offense of indecent exposure nor defendant's guilt thereof should be averred.

*Sufficient averment of county.* Where an information charges that an offense was committed "in the county of Woodbury and state of Iowa," it contains the name of the county, as required by Code, section 5577, and is a substantial compliance with the requirements of section 5182 that it be in the form given in section 5578, in which the name of the county is stated in the title, and referred to in the body as "the county aforesaid."

(463)

JURISDICTION OF COURT BEFORE WHICH OATH WAS TAKEN: *Sufficiency of information.* An information charging defendant with indecent exposure, for that he "unlawfully and willfully exposed his person in a lewd and indecent manner in a public place in said city in the presence of four little girls, contrary to the statute in such case made and provided," is sufficiently specific as to the facts to confer jurisdiction of the subject-matter on the justice; and, where the accused appears thereto without objection, the justice acquires jurisdiction of the parties, and defendant cannot complain that perjury could not be assigned on false testimony given by him at such hearing.

VARIANCE: *Preliminary hearing and proceeding to try and determine.* Under Code, section 3647, declaring that issues arise when a fact or conclusion of law is maintained by one party and controverted by the other, and section 3649, that a trial is a judicial examination of the issues, an indictment charging defendant with perjury committed on a preliminary hearing, at which he was charged with indecent exposure, the hearing being before a justice, alleging that the justice "had full and complete authority and jurisdiction to hear, try, and determine such proceeding constitutes no variance in that the justice had only power to determine whether a crime had been committed, and that accused was probably guilty.

*In averring title of cause in which oath was taken.* An indictment accused defendant of perjury committed "in a criminal proceeding entitled ' The State of Iowa vs. Fred Perry,' wherein the said Fred Perry was charged and accused on preliminary information of the crime of indecent exposure of his person." The record of the police court in which the proceedings were had was entitled "The State of Iowa vs. Fred Perry," but the information was entitled "The City of Sioux vs. Fred Perry." *Held*, that there was no variance, the allegation of the indictment referring to the proceeding as a whole, and not to the information.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

TUESDAY, OCTOBER 7, 1902.

THE defendant was accused in the indictment of perjury, it being alleged therein that on or about the 14th day of June, in the year of our Lord 1901, in the county of

Woodbury and state of Iowa, in a criminal proceeding en-
titled "The State of Iowa vs. Fred Perry," the said Fred
Perry was charged and accused, on preliminary informa-
tion, of the crime of indecent exposure of his person; that
the said criminal proceeding was then and there pending
in the police court of the city of Sioux City, Iowa, and be-
fore R. H. Munger, the duly elected, qualified, and acting
judge of said police court, and said criminal proceeding
was one which the said R. H. Munger, as judge of the
police court aforesaid, had full and complete authority and
jurisdiction to hear, try, and determine; that said judge
had authority to and did administer oath in said proceed-
ing; that the accused willfully, falsely, and corruptly tes-
tified: "I was not at or near 512 West Eighth street, Sioux
City, Iowa, on June 12, 1901. I was at John Ritter's sa-
loon, on Jones street, all the afternoon of June 12, 1901,
and until late in the evening. I was not on the West Side
on June 12, 1901,"—whereas he was at said place, and not at
the saloon, as stated; which said matter, so sworn to by the
said Fred Perry before the said R. H. Munger, judge, afore-
said, was material matter in the hearing, trial, and investi-
gation then going on before the said R. H. Munger, afore-
said, in reference to the charge of indecent exposure against
the said Fred Perry, then and there being heard, investiga-
ted, and tried as aforesaid. The defendant was convicted,
and appeals.

   *T. P. Murphy* for appellant.

   *Chas. W. Mullan*, Attorney General, and *Chas. A.
Van Vleck*, Assistant Attorney General, for the State.

   LADD, C. J.—Was an averment of the precise date of
the offense essential to the sufficiency of the indictment?
Not unless time was a material ingredient of the crime.
Section 5285, Code. That it was not, appears from the

numerous decisions to the effect that strict proof that the perjury charged was committed on the day alleged is not essential, save when necessary to identify a record, deposition, or affidavit in which the oath was taken  When a copy of the record or the other paper containing the oath alleged to be false is set out in *hæc verba* in the indictment, and the alleged originals are produced, bearing a different date, the variance is held fatal on the ground that the record or paper offered is not identified as the one intended.   If, however, the charge is not based on a record or other writing under oath, and the statement asserted to be false might have been made on either the date alleged or that proven, and would have constituted perjury if taken at either time, then the variance is regarded by the weight of authority as wholly immaterial. *Matthews v. U. S.*, 161 U. S. 500 (16 Sup. Ct. Rep. 640, 40 L. Ed. 786; *Keater v. People*, 32 Mich. 484; *State v. Fenlason*, 79 Me. 117 (8 Atl. Rep. 459); *Com. v. Soper*, 133 Mass. 393; *Dill v. People*, 19 Colo. 469, (36 Pac. Rep. 229, 41 Am. St. Rep. 254.)   See *State v. Lewis*, 93 N. C. 581.   Here the defendant was accused of giving false testimony on a preliminary examination, and, had a particular date been alleged, another could have been proven.   Time, then, was not a material part of the offense, and it was not necessary to precisely state it in the indictment.   As directly in point, see *Lucas v. State*, 27 Tex. App. 322, (11 S. W. Rep. 443); *Com. v. Davis*, 94 Ky. 612 (23 S. W. Rep. 218).   In *State v. Phippen*, 62 Iowa, 54, the assessor did not have authority to administer an oath at the time alleged, and for this reason the indictment failed to charge the commission of a crime.

II.   Another criticism is that the indictment neither states the time when nor the place where the indecent exposure occurred.   Neither the facts constituting such offense nor defendant's guilt thereof should have been averred.   He may have been entirely innocent of the

crime charged, and yet have committed perjury on the hearing. It was "sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed." Section 5296, Code. *State v. Schill*, 27 Iowa, 263.

III. The record of the police court in which the proceedings were had entitled "The State of Iowa vs. Fred Perry," and also the information on which the prosecution was based, were received in evidence over defendant's objections. The latter, except the verification, may be set out: "Information. The State of Iowa, for the use and Benefit of the City of Sioux City. The City of Sioux City vs. Fred Perry. In the Police Court of the City of Sioux City, before Robert H. Munger, Judge. The above-named defendant is accused of the crime of indecent exposure, for that on the 12th day of June, A. D. 1901, at Sioux City, in the county of Woodbury, state of Iowa, said defendant did unlawfully and willfully expose his person in a lewd and indecent manner in a public place in said city, in the presence of four little girls; Contrary to the statutes in such case made and provided. [Signed] Mrs. J. P. Brown." Counsel insist that there is a fatal variance between the proof and the averment in the indictment. By reverting to the latter it will be noted the allegation is with respect to a criminal proceeding entitled "The State of Iowa vs. Fred Perry," wherein the said Fred Perry was "charged and accused on preliminary information of the crime of indecent exposure of his person." Evidently "proceeding" was not intended to refer to the information filed as that is mentioned as the basis of the proceeding. In the connection used it has reference to the criminal action as a whole, and not to some particular process essential to its prosecution, or some act or step taken therein. See 19 Am. & Eng. Enc. Law (1st Ed.) 220. However defective the information, the title of the action was as alleged, and so appears from the record introduced

in evidence.   The information introduced was properly identified as the one filed in that proceeding, and, as it was not described in the indictment, there was no variance.

IV.   Again, it is said the information is void on its face, first, because the county is not stated.   That the name of the county should be included appears from sections 5182 and 5577 of the Code, and the form to be followed in substance is given in section 5578.   The mere reading of the information demonstrates that it "contained" the name as required by section 5577, and as to assert the county in which the crime was committed is equivalent to mentioning the county; and then, saying it was committed "in the county aforesaid," the information was substantially in the form prescribed.   Appellant also urges that the statute requiring a "statement of the facts constituting the offense in ordinary and concise language" was not complied with.   Possibly the information is not as specific as would be required in an indictment (a point we do not decide), though charging the offense in the language of the statute has frequently been held sufficient.   See *State v. Hazle*, 20 Ark. 156; *Moffit v. State*, 43 Tex. 346; *State v. Gardner*, 28 Mo. 90; *State v. Griffin*, 43 Tex. 538.   Enough at least, was stated to confer jurisdiction of the subject-matter on the justice, and, as the accused appeared, he acquired jurisdiction of the parties.   That is all that was required.   An information, if defective, may be amended.   *State v. Doe*, 50 Iowa, 541. This one charged the offense, as is claimed, not specific enough in detail.   It was, then, at the most, merely voidable, and, as the accused proceeded with the hearing without objection, he is not in a situation to complain that perjury could not be assigned on false testimony given by him at such hearing.   *Maynard v. People*, 135 Ill. 416, 25 N. E. Rep. 740; *State v. Lavalley*, 9 Mo. 824; *State v. Ridley*, 114 N. C. 827 (19 S. E. Rep. 149); *Reg. v. Proud*, L. R. 1 Cr. Cas. 71; *Reg. v. Johnson*, L. R. 2 Cr. Cas. 15.

V. Appellant also argues that, as the police judge might only hear and ascertain whether a crime had been committed, and whether there was probable cause to believe the accused guilty, there was a fatal variance, in that the indictment alleged the judge "had full and complete authority and jurisdiction to hear, try, and determine." The indictment explicitly states that the hearing was a preliminary examination, and the procedure to be followed therein and the duties of the magistrate are clearly prescribed by statute. See sections 3647, 3649, Code. It is an investigation resulting in a decision of the matters involved, and to such an inquiry and determination the language used evidently had reference. That it was not employed with technical accuracy cannot be permitted to defeat the plain intention of the pleader as gathered from the entire instrument, and the allegation of authority in excess of that conferred by law was rightly treated as surplusage.—AFFIRMED.