## GEORGE C. WILLIAMS v. STATE.

No. A-2288.    Opinion Filed July 17, 1915.

1.  **INDICTMENT AND INFORMATION—Sufficiency of Charge—Conformity to Statute.** An information which fails to conform to the statute by setting forth sufficient facts to charge the commission of an offense, is fatally defective and cannot be made the basis of a judgment of conviction.

2.  **LARCENY—Proper Indictment.** An information which intends to charge larceny should conform to section 2652, Revised Laws, 1910, or section 1, chapter 92, Session Laws of 1911, as construed by this court in Crowell v. State, 6 Okla. Cr., 154; Hughes v. State, 8 Okla. Cr. 28, and Bryan v. State, ante; 144 Pac., 693.

(Syllabus by the Court.)

*Appeal from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

George C. Williams was convicted of larceny, and appeals. Reversed.

*T. F. Shackelford* and *W. J. Crump,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   George C. Williams, the plaintiff in error, was convicted at the December, 1913, term of the district court of Sequoyah county on a charge of larceny, and his punishment fixed at imprisonment in the state penitentiary for a term of one year.

The appeal was filed in this court on the 8th day of June, 1914. On the 19th day of May, 1915, the Attorney General filed a confession in error in this action, conceding that the judgment of the trial court should be reversed for the reason that the

information fails to plead facts sufficient to charge a crime under the law of this state, in that "it fails to comply with either the general statute, section 2652, or the special statute, chapter 92, section 1, Session Laws 1911, as these statutes have been construed in *Hughes v. State,* 8 Okla. Cr. 28; *Crowell v. State,* 6 Okla. Cr. 154, and *Bryan v. State, ante,* 144 Pac. 693." The information is as follows:

"Now comes the duly qualified and acting county attorney in and for Sequoyah county, state of Oklahoma, and gives the district court of Sequoyah county, state of Oklahoma, to know and be informed that G. W. Williams and Frank Wimberly did, in Sequoyah county, in the state of Oklahoma, on or about the 17th day of November, in the year of our Lord one thousand nine hundred and thirteen, and anterior to the presentment hereof, commit the crime of a felony, to wit, cow larceny, in the manner and form as follows, to wit, that is to say, the said G. W. Williams and Frank Wimberly in the county and state aforesaid and on or about the 17th day of November, 1913, did by stealth and fraud take, steal and carry away six head of certain cows described as follows, to wit: Three red muley cows branded 66 on right side and on right hip, one red cow with horns, one roan muley cow and one roan cow with horns, all branded with 66 on right side and on left hip, that said cows so taken by stealth and fraud was the property of W. M. Rogers and not the property of them the said G. W. Williams and Frank Wimberly, that the said property was taken on the part of the said G. W. Williams and Frank Wimberly for the purpose of cheating and defrauding the said W. M. Rogers out of the value thereof, * * * contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

Testing this information by the authorities *supra,* there is no doubt that it is insufficient. The confession in error is therefore sustained.

The judgment of the trial court is reversed and the cause remanded.

DOYLE, P. J., concurs; FURMAN, J., absent.