## GEORGE WILLIAMS v. STATE.

No. A-2361.   Opinion Filed October 6, 1917.

(167 Pac. 763.)

1.   INDICTMENT AND INFORMATION—Technical Pleading. Technical pleading in criminal cases is not required in this state, and the common-law doctrine of strict construction has been abolished by our Code.

2.   PERJURY—Insufficiency of Indictment—Inducement. Those averments in an indictment or information for perjury which form the foundation for the commission of the offense, commonly called inducement, may be pleaded in general terms. Under our Code such matters are not required to be pleaded with that precision and particularity as are averments which charge the offense itself.

3.   INDICTMENT AND INFORMATION—Larceny—Name of Defendant—Statute. The information charged the alleged perjury to have been committed in a certain case wherein the State of Oklahoma was plaintiff and Frank Wimberly and George C. Williams were defendants. The state upon the trial introduced an information against G. W. Williams and Frank Wimberly. Held, there was no material variance. The allegation in the indictment referred to the proceeding as a whole, and not merely to the information filed in the case in which the alleged perjury was committed. Under section 5775, Rev. Laws 1910, defendant was required when arraigned in the larceny case to declare his true name, and the record of this case shows that the larceny case was prosecuted to conclusion against George C. Williams.

4.   APPEAL AND ERROR—Trial—Limitation of Argument—Presumption. Where the record shows that before the argument was commenced the court, over the objection of counsel for defendant, limited the argument to one hour on a side, and it does not affirmatively appear that counsel for defendant was unable to complete his argument within the time allowed, and that the court stopped and refused to permit further argument at the conclusion of one hour, no prejudicial error is shown. Under such a state of the record this court must presume that an hour on each side was sufficient time to complete the argument, or else, if not sufficient, that the court at the conclusion of one hour further extended the time.

*Appeal from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

George Williams was convicted of perjury, and he appeals. Judgment affirmed.

See, also, 11 Okla. Cr. 628, 150 Pac. 90.

*T. F. Shackleford* and *Crump & Crump*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

MATSON, J. It is first alleged that the trial court erred in overruling the demurrer to the information, first, in that the information does not sufficiently set forth the substance of the controversy in respect to which the alleged perjury was committed. In this connection it is contended that the information sets forth no fact showing that the district court of Sequoyah county had jurisdiction of the cause therein pending, and does not specifically aver that said court had jurisdiction to try and determine said cause.

Without quoting from the information it suffices to say that matters of inducement are pleaded in general terms, and not with that precision and particularity required of indictments for perjury under the common law. Sections 5746, 5753, 5791, Rev. Laws 1910, provide:

Section 5746: "The indictment or information is sufficient if it can be understood therefrom:

"First. That it is entitled in a court having authority to receive it, though the name of the court be not stated.

"Second. That it was found by a grand jury or presented by the county attorney of the county in which the court was held.

"Third.   That the defendant is named, or if his name cannot be discovered, that he is described by fictitious name, with the statement that his true name is unknown.

"Fourth.   That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein.

"Fifth.   That the offense was committed at some time prior to the time of filing the indictment or information.

"Sixth.   That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

"Seventh.   That the act or omission charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment upon a conviction according to the right of the case."

Section 5753: "In an indictment or information for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with proper allegation of the falsity of the matter on which the perjury is assigned; but the indictment or information need not set forth the pleadings, record, or proceedings, with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

Section 5791: "The defendant may demur to the indictment or information when it appears upon the face thereof, either:

"First.   That the grand jury by which an indictment was found had no legal authority to inquire into the

offense charged, by reason of its not being within the legal jurisdiction of the county.

"Second. That it does not substantially conform to the requirements of this chapter.

"Third. That more than one offense is charged in the indictment or information.

"Fourth. That the facts stated do not constitute a public offense.

"Fifth. That the indictment or information contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."

Under section 5746, *supra*, an indictment or information is sufficient, if it sets out the act charged as the offense "clearly and distinctly * * * in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended." Technical pleading in criminal cases is not required, and the common-law doctrine of strict construction has been abolished by our Code. Section 5753, *supra*, is taken from St. 23, George II, c. 11. In 3 Bishop, New Crim. Proc. (2d Ed.) secs. 904, 905, regarding indictments for perjury, it is said:

"Sec. 904. The following distinction, if borne in mind, will be helpful to a proper understanding of this entire subject. The averments are necessarily and always of two classes—those which disclose a foundation for the commission of the offense, and those which charge the offense itself. By the universal rules of criminal pleading, the former, commonly called inducement, may be general in terms, and be either introduced or not by 'whereas.' The latter must be full, direct and specific. What belongs to each class we shall see as we proceed."

"Keeping this distinction in mind, let us consider: First, how to set out the proceeding or course of justice wherein the perjury was committed. On principle, since, to render a false swearing perjury there must be an issue or inquiry before some legally competent person or tribunal, the same must be alleged, and in a way to show a jurisdiction. But the jurisdiction is not the complained of fault of the defendant; it is, that he delivered false testimony. Hence the allegation of the court and cause is mere introduction or inducement; and by the rules of criminal pleading, as just stated, it need not be made by direct charge or in detail; general terms will suffice."

In the case of *Reg. v. Dunning*, 11 Cox, Crim. Cas. 651, it appears that a question almost identical with that raised in this case was passed upon. The indictment was held to be sufficient, although matters of inducement were pleaded only in general terms. We quote from that opinion:

"Channell, B., delivered the judgment of the court as follows: In this case the prisoner was tried and convicted at the last summer assizes held at Shrewsbury before Pigott, B., for perjury committed on the trial at the general quarter sessions of the peace for the county of Salop, of an indictment for misdemeanor against Isaac Rowlands and John Davies for an offense against the person of John Davies under section 20 of 24 & 25 Vict. c. 100. The case at the trial was fully proved in every necessary particular; but it was objected on behalf of the prisoner, and has been argued before us, that the indictment was bad in form, and that the judgment should therefore be arrested and the conviction quashed. The objection taken at the trial was that the indictment did not state what the misdemeanor was, which was alleged to have been tried at the quarter sessions, or aver that it was one triable at quarter sessions, i. e., in other words, did not aver that the court of quarter sessions had jurisdiction

to try the misdemeanor. This objection, when developed in argument before us, seemed to fall into two objections: First, that the indictment did not set forth the substance of the offense charged upon the defendant; and, secondly, that it did not either expressly aver or show by necessary inference that the court before which false oath was taken was a competent authority to administer the same. As to the first objection, the indictment alleges that at the general quarter sessions a certain indictment for misdemeanor came on to be tried in due form of law, in which one Davies was prosecutor, and Rowland and Davies were defendants, and was then and there tried by a jury, etc., and that the prisoner appeared as a witness upon the said trial, and was then duly sworn, etc. The indictment then sets out the matter sworn to by prisoner, avers its materiality, and negatives its truth and truthfulness. The objection taken is, that it does not state the subject-matter of the indictment for misdemeanor which was tried at the sessions. But that seems rather to point out an alleged defect in not stating the substance of the offense charged against the defendant tried at the assizes. The substance of the offense charged against him is, that in a judicial proceeding he swore to the truth of certain facts which are set forth, which at the time of so swearing he knew to be false. 'All that it is necessary to state,' says Buller, J., in *Rex v. Dowlin*, 5 T. R. 311, 'is that there was a certain cause, etc., and that it came on to be tried in due form of law,' etc. It is true, as pointed out by the counsel for the defendant, that in that case it was alleged that one Kimber was tried upon a certain indictment for murder, etc.; but it seems to us that neither Lord Kenyon, nor Buller, J., rely upon the presence of the words 'for murder' in stating the proposition of law, but they mention them only in their relation of the actual facts of that case. In the case of *Rex v. Callanan*, 6 B. & C. 102, all that was stated was the substance of what the defendant swore, and that he did so upon affidavit before a commissioner. The indictment did not state the cause for or in respect of which the affidavit was made. Yet Abbott, C. J., says that it set forth 'the

substance of the matter sworn,' using that expression as equivalent to 'the substance of the offense charged' upon the defendant, and holding the case to be consequently within the Stat. 23 Geo. II, c. 11. In *Lavey v. The Queen,* 17 Q. B. 496, the objection taken was that it was not shown that the county court had jurisdiction over the suit in which the alleged false oath was taken, because the nature of the suit was not sufficiently described. 'It was argued,' says Parke, B., in the judgment, 'that in setting forth "the substance of the offense" it was not sufficient to state "the substance of the matter sworn to," and aver that it was false, and to allege the authority of the judge to administer the oath.' But the indictment was nevertheless held to be sufficient on the ground that it appeared that there was a judicial proceeding, and that the defendant was sworn and stated certain matter which was false, and that the judge had power to administer the oath. The ground of decision is that the substance of the offense charged upon the defendant sufficiently appeared, and that the court had competent authority to administer the oath. These cases seem to us to be authority for the correctness of the suggestion we have made as to the meaning and construction of the statute, and for holding that in the present case the substance of the offense charged against the defendant sufficiently appears."

In the case of *People v. Ah Bean,* 77 Cal. 12, 18 Pac. 815, the Supreme Court of California held:

"An information for perjury, charging that defendant was duly sworn in a certain case 'then and there at issue, to wit, the case of *People v. Martine,*' and setting out defendant's testimony therein, with an averment of its materiality, sufficiently 'sets forth the substance of the controversy in respect to which the offense was committed,' as required by Pen. Code Cal. sec. 966."

See, also, *Teague v. State,* 13 Okla. Cr. 270, 163 Pac. 954; *People v. Schweichler,* 16 Cal. App. 738, 117 Pac. 939; *State v. Gordon,* 196 Mo. 185, 95 S. W. 420.

Under the reasoning of the foregoing authorities it is our opinion that the matters of inducement in the information complained of by plaintiff in error are sufficiently pleaded to have authorized the trial court to overrule the demurrer thereto.

It is also contended that there is a fatal variance between the allegations of the information and the proof. This contention is stated by counsel as follows:

"In this connection we call the court's attention to the fact that the information upon which this defendant was tried in this case charges the defendant to have committed perjury 'in a certain case then and there pending wherein the State of Oklahoma was plaintiff and Frank Wimberly and George C. Williams were defendants,' and the information in the case out of which this perjury charge is alleged to have grown and upon which this prosecution is based is an information against G. W. Williams and Frank Wimberly. It will be observed that in the present information it is charged that the case out of which the perjury charge is alleged to have grown is against Wimberly and Williams, the name of Wimberly coming first, yet in the information introduced in evidence and charging the crime of larceny, the name of Williams appears first, and the information herein charges that the perjury offense was committed in a case against Wimberly and George C. Williams, but the information introduced in evidence charges that the case out of which the perjury charge is alleged to have grown is against G. W. Williams and Frank Wimberly. Now, George C. Williams and G. W. Williams could not possibly be one and the same person, and we submit that the charge in the information at bar to the effect that perjury was committed in a cause pending against G. W. Williams and Frank Wimberly is descriptive of the offense sought to be charged in this information. There is absolutely nothing in the information herein to identify the offense sought to be charged or the cause in which it

is claimed that the perjury was committed, except the style of the case as set forth in the information."

This contention is without merit. The allegation in the indictment referred to the proceeding as a whole, and not merely to the information filed in the case in which the alleged perjury was committed. It was immaterial as to what name was alleged to be the name of the defendant in the larceny information. Under section 5775, Rev. Laws 1910, it was the duty of the defendant when arraigned in the larceny case to declare his true name if "G. W. Williams" was not his true name. The record here shows that the defendant testified and gave his name in the larceny case as George C. Williams. The identity of the proceeding in which the perjury was committed, as well as the identity of the defendant in that case, is clearly established by the proof in this case not to be at variance with the allegations of the information.

The allegations of the information and the record in this case are ample to protect this defendant against any subsequent prosecution for the perjury intended to be described, and the mistake of the pleader in the larceny case in failing to allege in the information the correct name of the defendant cannot avail him in this case where in the former proceeding he defends and appeals (*George C. Williams v. State*, 11 Okla. Cr. 628, 150 Pac. 90) in his true name, the one under which he is prosecuted in the latter. *State v. Perry*, 117 Iowa, 463, 91 N. W. 765; *Henderson v. Commonwealth*, 122 Ky. 296, 91 S. W. 1141; *State v. Hester*, 122 N. C. 1047, 29 S. E. 380.

It is also contended that the court erred in limiting the argument of counsel for the defendant over defendant's objection.

The record shows that before the argument commenced the court inquired of counsel, on both sides, what time would be required in argument. Counsel for the state announced that 45 minutes would be sufficient, whereupon counsel for the defendant objected to being limited. Thereupon the court announced that it was his opinion that one hour on a side was sufficient to argue the case, to which limitation of argument the defendant's counsel objected. The record does not show how much time was consumed in argument either by the state or by the defendant. Under the sixth subdivision of section 5870, Rev. Laws 1910, it was error for the court to limit the argument. But it is not every error that authorizes a reversal of a judgment of conviction. There must not only be error, but error must be coupled with injury, unless the statute specifically provides that if a certain error is committed the cause shall be reversed. It is impossible to tell from this record whether or not the defendant was injured by this ruling of the court. Injury is never presumed by this court; it must affirmatively appear from the record. The record does not indicate whether or not counsel for defendant was able to complete his argument within the time allowed by the court, and if not, that the court stopped his argument at the conclusion of one hour, or if, on the other hand, he was unable to complete his argument within an hour, that the court did not allow him additional time at the conclusion of an hour.

The mere fact that the court announced before the argument began that it would be limited to an hour on each side does not constitute a limitation of the argument to one hour. The record must show affirmatively that at the conclusion of an hour's argument on a side the court refused to permit further argument to be made, else the

presumption will be that the hour allowed was sufficient to complete all the argument that counsel desired to make and there was no injury resulting. We hold, therefore, that the record does not show affirmatively that the defendant was injured in this case by this action of the trial court.

We have carefully examined the record in connection with alleged misconduct on the part of the county attorney during the trial, and find that the action of the court in rebuking said officer and admonishing the jury not to consider the same was sufficient under the circumstances to correct any error committed. Other matters complained of are without merit and unsupported by the citation of any authority in counsel's brief.

An examination of the record indicates clearly the guilt of this defendant. His punishment was fixed at five years' imprisonment, the minimum under the statute. The crime of perjury strikes at the very foundation of justice and should never be left unpunished where the guilt of the accused is evident, and where the errors complained of are of a technical character depriving the defendant of no substantial right.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.