## E. P. HAMPTON v. STATE.

No. A-7670.   Opinion Filed Jan. 24, 1931.
(295 Pac. 398.)

Amos T. Hall, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of rape in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for 30 years.

The defendant contends that the state's evidence was insufficient to support a verdict of guilty.

The evidence of the state was sufficient to establish that the defendant, a negro, about 38 years of age, committed rape upon the person of Willie Mae Martin, a 12 year old negro girl.

The defendant next contends that the court erred in permitting the state to introduce incompetent, irrelevant, and immaterial evidence, and in excluding competent,

relevant, and material evidence offered on behalf of the defendant.

An examination of the record discloses that the matters complained of are without any substantial merit, and could not have influenced the jury one way or the other in arriving at the verdict.

Defendant next contends that the court erred in limiting the time of argument.

The record discloses the following proceedings:

"The Court:   I will limit the argument to 20 minutes on the side.

"Mr. Hall:   We except.

"Mr. Coffee:   I don't believe the court can.

"The Court:   I think I can.

"Mr. Hall:   We except and ask that the reporter be required to take the argument."

Section 2687, C. O. S. 1921, provides, among other things:

"The court may permit one or more counsel to address the jury on the same side, and may arrange the order in which they shall speak, but shall not without the consent of the attorneys limit the time of their arguments."

In the case of Williams v. State, 14 Okla. Cr. 100, 167 Pac. 763, this court said:

"Where the record shows that before the argument was commenced the court, over the objection of counsel for defendant, limited the argument to one hour on a side, and it does not affirmatively appear that counsel for defendant was unable to complete his argument within the time allowed, and that the court stopped and refused to permit further argument at the conclusion of one hour, no prejudicial error is shown.   Under such a state of the

record this court must presume that an hour on each side was sufficient time to complete the argument, or else if not sufficient that the court at the conclusion of one hour further extended the time."

Trial courts should not limit the argument without consent of counsel. Where the court announces that it will limit arguments, counsel should proceed until stopped by the court and thereupon cause the record to affirmatively show that he was not permitted to conclude his argument to the jury.

In the case at bar, the record merely discloses that the court announced before argument began that he would limit it to 20 minutes on a side, but there is nothing to show that the court actually did so. Without a showing in the record to the contrary, this court will presume either that counsel finished his argument within the time or that the court permitted him to continue until the argument was completed.

The defendant next contends that the court erred in refusing to require the stenographer to take and transcribe the arguments of counsel.

The record discloses that the defendant made application to have the arguments taken, and the application was denied by the court. Thereafter it appears that counsel for defendant objected to certain remarks of counsel for the state, and that these remarks were taken and transcribed by the stenographer.

Section 3065, C. O. S. 1921, requires the court reporter to take down in shorthand and correctly transcribe, when required, all the proceedings upon the trial of any case, and that attorneys in any case may request the court to order the stenographer to take and transcribe all the statements and proceedings in the case. A refusal of the

court to permit, or, when requested, to require, any statement to be taken by the stenographer, or transcribed after being taken, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof.

In Tudor v. State, 14 Okla. Cr. 67, 167 Pac. 341, 342, this court said:

"When a record discloses the fact that the court failed to comply with this mandatory provision of the statute, a reversal will follow as a matter of course in this court, unless the whole record discloses facts sufficient to enable the court to determine the merits of the proposition counsel were endeavoring to save."

In Smith v. State, 34 Okla. Cr. 318, 246 Pac. 883, this court said:

"Section 3065, Comp. St. 1921, providing that the refusal of the court to permit or require any part of the proceedings in the trial of a case to be taken or transcribed after being taken shall be deemed prejudicial error without regard to the merits, should be construed in connection with section 2822, the harmless error statute, since the latter statute was adopted subsequent to the enactment of section 3065.

"When the record discloses that the court failed to permit or require a part of the argument of counsel for the state to be taken, such action on the part of the court is error; and, unless the whole record discloses facts sufficient to enable the court to determine the merits of the proposition counsel were endeavoring to save, a reversal will follow."

In the case at bar, counsel for defendant succeeded in getting enough of the objectionable argument in the record to enable the court to pass upon the question. It was error for the trial court to refuse to have all the

argument taken, but, since the evidence of the state clearly establishes the guilt of defendant, the error does not require a reversal of the case. Substantial justice will be done defendant by reducing his punishment from 30 to 15 years in the state penitentiary, the minimum punishment for such offense.

For the reasons stated, the judgment is modified, and the punishment fixed at fifteen years in the penitentiary, and, as modified, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.