## BILLY McCOLLUM v. STATE.

No. A-8030.  Opinion Filed Aug. 21, 1931.
(2 Pac. [2d] 291.)

E. M. Carter, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of the crime of perjury, and his punishment fixed by the jury at imprisonment in the state penitentiary for ten years.

The evidence of the state was that there was a case pending and on trial in the district court of Lincoln county, wherein the state of Oklahoma was plaintiff, and

Golden McCollum and Graham Hill were defendants, being charged with the robbery with firearms of the First National Bank of Prague, Okla.; that defendant was called as a witness in said cause on the part of the defendants and, after being duly sworn to testify the truth in said cause then on trial, testified that at 12 o'clock noon, on the 10th day of August, 1929, which was the hour the bank was robbed, defendant Golden McCollum was present in Okmulgee county, at a place near Pumpkin Center; that this evidence was false and known by the defendant to be false at the time he gave the same; that Golden McCollum was present in the city of Prague personally. participating in the robbery of said bank at said time. Several witnesses unqualifiedly identified Golden McCollum as one of the men who robbed the bank, and that he was personally present at the hour defendant testified he was at Pumpkin Center, in Okmulgee county. As far as the facts in this case are concerned, the evidence is amply sufficient, if believed, to sustain the state's contention that this defendant committed willful and deliberate perjury in the trial of his brother for bank robbery.

The evidence being sufficient to sustain the verdict of the jury, the cause must be affirmed unless the errors complained of by defendant require a reversal.

It is first contended that the trial court erred in overruling defendant's demurrer to the information.

The demurrer was based on the general ground that the information did not state facts sufficient to constitute a crime. The particular contention defendant makes is that it does not allege that the robbery case was tried, and does not show what the issue was, if any, that was joined, and that it does not show how the evidence given by defendant was false. The allegations of the infor-

mation, in substance, charge that the robbery case came on for trial; that defendant was sworn as a witness in said cause by Don Dunham, deputy court clerk, and that defendant thereupon testified in said cause under oath; that what defendant testified to was material to the issue in said cause; the information then sets out the defendant's testimony, alleges it to be false, and that the defendant knew it to be false at the time he gave it, and sets out a state of facts diametrically opposed to that testified to by the defendant, and alleges that such statement of facts is true and known by the defendant to be true at the time he testified in said cause.

An information is sufficient which states facts clearly and distinctly, in ordinary and concise language, without repetition, and which, construed under the ordinary rules of construction of the English language, would enable a person of common understanding to know what was meant and to apprise the defendant of the exact nature of the offense with which he is charged, although the same does not contain all the phraseology and technical language ordinarily used in criminal proceedings.

In Gray v. State, 4 Okla. Cr. 292, 111 Pac. 825, 32 L. R. A. (N. S.) 142, and Williams v. State, 14 Okla. Cr. 100, 167 Pac. 763, this court had under consideration the question of the sufficiency of informations in perjury cases and there established a liberal rule of pleading in that class of crime and gave its reasons for such rule.

In Thomas v. State, 40 Okla. Cr. 204, 267 Pac. 1040, this court said:

"The common-law doctrine of strict construction of criminal law and all proceedings in criminal cases, and

that an information should be certain to a certain intent in every particular, is not in force in Oklahoma.

"Those averments in an indictment or information for subornation of perjury which form the foundation for the commission of the offense, commonly called 'inducement,' may be pleaded in general terms. Under our Code, such matters are not required to be pleaded with precision and particularity as are averments which charge the offense itself."

Tested by these authorities, the information was sufficient to charge the offense.

The defendant next contends that the evidence is insufficient to support the verdict of the jury.

It is not seriously contended that the facts are not sufficient to support the judgment, but rather that the facts are not proved in the proper way and by the best records.

It is urged that the proof of the record of the first trial, to wit, the robbery case, should have been made by the introduction of the journal kept by the court clerk, rather than by the appearance docket kept by such officer in said cause. The record discloses that the entries in the appearance docket in the robbery case were admitted without objection and with the consent of counsel for the defendant, and it was not contended at that time that the journal of the court was the better evidence with which to prove the matters for which the entries in the appearance docket were offered.

Section 865, C. O. S. 1921, requires the court clerk to keep an appearance docket. Section 866, Id., provides, among other things, that the appearance docket shall contain the date of the filing of the petition and all subsequent pleadings and papers, and an abstract of all judg-

ments and orders of the court. Section 654, Id., makes these books and records competent evidence. Especially would this be so where they were admitted without objection that they were not the best evidence. The appearance docket was sufficient to show the pleadings and issues in the case, the orders of the court, and an abstract of the judgment. Counsel for defendant may not permit matters of this kind to be introduced in evidence without objection, and then for the first time in this court contend that there is better evidence available to prove the matters and things that the state relied upon in the trial court to establish by this kind of a record. If counsel had made this objection in the lower court, the journal of the court would have been available at that particular time, and these matters could have been more fully, but not more effectively, shown.

The objections urged by defendant are extremely technical. Perjury is a crime that strikes at the very foundation of justice, and such crime will not be permitted to go unpunished because of technical objections that do not go to the merits of the controversy.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.