## W. R. FISHER v. STATE.

No. A-8409. Sept. 30, 1932.
(16 Pac. [2d] 267.)

Eaton & Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county of the crime of conjoint robbery, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of nine years.

The state charged that defendant with Bill Morris committed the crime of conjoint robbery upon Warren Hatfield, through force and fear, by taking from his person and immediate presence $10 in money and a black Oxford overcoat.

Defendant contends that this information was insufficient to charge the offense.

The first contention under this assignment is that it does not allege the wrongful and unlawful taking of the property.   There is no merit in this contention.

And, next, that it does not allege the property was owned by the prosecuting witness.

It alleges that the property was in the possession of Hatfield at the time it was taken.   This is sufficient. Robards v. State, 37 Okla. Cr. 371, 259 Pac. 166.

The information is not a model one, but it contains sufficient to advise the defendant of the offense with which he is charged.   That is all that is required.

It is also contended that the trial court erred in limiting the argument of counsel to 45 minutes on a side. Counsel for defendant practically admit that if this court follows the rule laid down in Williams v. State, 14 Okla.

Cr. 100, 167 Pac. 763, and Hampton v. State, 50 Okla. Cr. 2, 295 Pac. 398, there is no merit in this contention, since the record merely discloses that the court announced to counsel that he would limit the argument, but the record does not disclose that the time fixed by the court was not sufficient, nor does it appear that counsel used all of the time, nor that they asked for further time, which was refused. To preserve the record, counsel at the conclusion of the time fixed by the court should ask for further time and show that the argument was not concluded and, upon refusal to grant further time, make the proper record. This case and those heretofore reaching this court have not contained sufficient to raise the question. When a case reaches this court properly raising the question, it will pass upon it.

It is next contended that the court erred in admitting evidence relative to other similar offenses by these parties on the same night this offense was committed. This court has many times held evidence of this kind admissible for the purpose of showing system, plan, or general scheme. The court told the jury in his instructions why the evidence was admitted and the purpose for which they might consider it.

The evidence being sufficient to support the verdict of the jury, and no fundamental errors appearing in the record, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.