## MONROE HARRINGTON v. STATE.

No. A-8533.   Aug. 8, 1933.
(24 Pac. [2d] 298.)

A. C. Brewster, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Mayes county of the crime of perjury, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of one year.

The information charges in substance that a certain criminal case was pending in the district court of Mayes county against Frank Qualls and Everett Lowery on motion for a new trial; that defendant, after being duly sworn, willfully, corruptly, feloniously, falsely, and contrary to such oath, testified that Jake Gage was a juror who sat in the trial of said cause; that a preliminary hearing was had of Qualls and Lowery before J. T. Hairston, a justice of the peace, and that Jake Gage was present at this preliminary; that Gage had said following the preliminary, in the presence of defendant and others, that "If he was lucky enough to get on the jury he would send those sons of bitches to the penitentiary"; that said testimony was false and untrue; that Gage did not attend the preliminary hearing, and did not make such a statement at any time or place; that such evidence was material on the trial of the said motion for a new trial; that the evidence was false and known by defendant to be false when he gave it.

Counsel contend this information was so loosely drawn as to be indefinite and difficult to understand what

it really charges, and is therefore not direct and certain as to the offense.

Counsel cites no authority in support of this contention. The Attorney General, for the state, cites: Gray v. State, 4 Okla. Cr. 292, 111 Pac. 825, 32 L. R. A. (N. S.) 142; Miller v. State, 9 Okla. Cr. 196, 131 Pac. 181; Williams v. State, 14 Okla. Cr. 100, 167 Pac. 763; McCollum v. State, 52 Okla. Cr. 28, 2 Pac. (2d) 291, sustaining similar informations.

It is next contended the evidence is insufficient to support the verdict.

In the hearing on the motion for a new trial, defendant testified positively that juror Jake Gage was in the courtroom during the preliminary hearing; that he had known him two years; that he was able to identify him, and did point him out as being in the courtroom while the motion for new trial was being heard; that Gage did make the statement to him:

"If I am lucky enough to get on the jury that tries those two fellows I will send the sons of bitches to the penitentiary."

When defendant was placed on trial, he sought to defend on the ground he was mistaken in the identity of Gage; that the man he saw was Sid King, and he was honestly mistaken in thinking Gage was in the courtroom and did make the statement.

Jake Gage testified defendant came to see him shortly before the trial and said:

"I done what I did through ignorance and was persuaded to do. They told me it would not cause anybody any trouble; it would give these boys a new trial, and now I am in this I don't want to suffer the punishment, and I want you to quit and not prosecute me."

After hearing the evidence given by defendant on the motion for a new trial and that which he gave in his own defense in the case at bar, and that of Gage, the jury could have no doubt that this was not a case of mistaken identity, but a case of willful prevarication.

Complaint is also made about the giving of certain instructions and the refusal to give instructions requested by defendant.

No objection was made to any instruction given by the court. An examination of the instructions given discloses they fully and fairly cover the law of the case as applicable to the facts, and are as favorable to defendant as the facts require.

The evidence in the case being sufficient, the instructions fairly covering the law of the case, and no error appearing on the record prejudicial to the substantial rights of defendant, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.