Harold Dean CLIFTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–174.

Court of Criminal Appeals of Oklahoma.

June 20, 1983.

Rehearing Denied July 19, 1983.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert C. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Presiding Judge:

In the early morning hours of April 28, 1981, Everett Smith responded to a knock on the door of his Oklahoma City residence. As he opened the door, Smith's next door neighbor, Joseph Wayne Lamb, stumbled inside, groaned, and collapsed in a pool of blood. Lamb's throat had been slit to the extent that his larynx was severed, and he had been stabbed several times. He died before the police arrived on the scene.

Later that morning, at approximately 10:00 A.M. the appellant in this case, Harold Dean Clifton, telephoned the Oklahoma City Police and turned himself in. Subsequent questioning produced a two and one-half page confession in which the appellant admitted perpetrating Lamb's death.

The confession and other evidence adduced at trial revealed that Lamb and the appellant's wife had an altercation on the afternoon of April 27, 1981; in which Lamb chased the appellant's wife down the street, brandishing a knife. The appellant was informed of the event, and decided to discuss the matter with Lamb. The appellant arrived at Lamb's home at approximately 1:30 A.M. April 28, let himself in, awoke Lamb and began arguing with him. Lamb handled a pistol at some point in the argument but apparently never threatened the appellant with it. The argument became heated, threats were made, and Lamb turned his back on the appellant. The appellant jumped onto Lamb's back, slit his throat and fell to the floor on top of him. The appellant stabbed Lamb several times, retrieved Lamb's pistol from the other part of the room and ran away.

The appellant was charged with Manslaughter in the First Degree, After Former Conviction of Two Felonies. He was convicted by a jury in the District Court of Oklahoma County, and sentenced to ninety-nine years' imprisonment. He appeals the judgment and sentence.

We shall consider his arguments in a different order than that presented us.

■ After the jury returned their verdict of guilty, the second stage of the appellant's bifurcated trial was held. The appellant's attorney stipulated to the fact that the appellant had been convicted of six previous felonies. The appellant now argues that the trial court's acceptance of those stipulations violated his right to due process.

The appellant compares this case to *Wright v. Craven,* 325 F.Supp. 1253 (N.D. Cal.1971), aff'd 461 F.2d 1109 (9th Cir.1972); and *Cox v. Hutto,* 589 F.2d 394 (8th Cir. 1979). However, we find two crucial distinguishing factors between the present case and the cases cited by the appellant.

Initially, in both the *Wright* and *Cox* cases, evidence was adduced that the defendants either did not know their attorney was going to stipulate to their former convictions, or that the defendant's attorney did not understand the consequences of the stipulations. See, *Wright,* supra, 325 F.Supp. at 1255; and *Cox,* supra, at 395. In the present case, no such evidence has been proffered.

Secondly, the stipulations did not relieve the State of its burden of proving the prior felonies. The State entered into evidence copies of the judgments and sentences of each of the appellant's prior convictions with his name on them. Thus, in the absence of rebutting evidence, the judgments and sentences were sufficient to support the jury's findings of prior felony convictions. *Tucker v. State,* 620 P.2d 1314 (Okl. Cr.1980); *Mason v. State,* 560 P.2d 1048 (Okl.Cr.1977). The appellant suffered no prejudice from the stipulations.[1]

1. In *Brewer v. State,* 650 P.2d 54 (Okl.Cr.1982), we held that defendants in capital cases who are charged with the aggravating circumstances that "The defendant was previously convicted of a felony involving the use or threat of violence to the person" (21 O.S.1981, § 701.-12(1)); must *personally* stipulate as to the existence of such prior conviction(s), if any are to be made. The appellant urges us to extend that rationale to cases such as the one before us today. We find no reason to do so.

   In *Brewer,* we found no need to require preliminary hearings on the bill of particulars in capital cases. 650 P.2d at 61. Nonetheless, we recognized that the defendant had a right to be

made aware of the effect of any stipulations he might make in a 21 O.S.1981, § 701.12(1) circumstance. Hence, we made provision for the opportunity to make a personal stipulation before the trial court.

   This protection was designed to afford the defendant in those limited cases the same protection afforded AFCF defendants by *Carter v. State,* 292 P.2d 435 (Okl.Cr.1956). *Carter* established that a defendant in AFCF cases has a fundamental right to a preliminary hearing concerning felonies to be used to enhance punishment. It is at this preliminary hearing that the defendant has an opportunity to be informed of the nature and effect of the introduction of his

■ Next, the appellant alleges the District Attorney's closing argument in the second stage of the bifurcated trial improperly impassioned the jury. The prosecutor stated that the appellant could have been charged with murder, but was instead charged with manslaughter.[2]

We do not believe such comments to be proper, and discourage prosecutors from making them. In the present case, however, we cannot say the remark contributed to the sentence imposed. The evidence of the appellant's guilt was overwhelming. Furthermore, the appellant had been previously convicted of six felonies. In light of his extensive criminal record and the evidence presented at trial, we are convinced the jury would have returned the same sentence had the remark not been made. See, *Enoch v. State,* 491 P.2d 342 (Okl.Cr. 1971), (wherein we held a sentence of 99 years' imprisonment for manslaughter in the first degree was not excessive, in light of the fact the defendant had been convicted of three previous felonies).

■ Lastly, the appellant argues the trial court erred by limiting closing arguments to thirty minutes on a side.

Title 22 O.S.1981, § 831(6), states in pertinent part, "... The court ... shall not without the consent of the attorneys limit the time of their arguments." We think the language of the statute is unambiguous, and should be conscientiously followed. It has been established, however, that the mere fact the trial court erred by announcing limitations contrary to the statute does not of itself justify reversal. *Williams v. State,* 14 Okl.Cr. 100, 167 P. 763 (1917). Likewise, we do not believe a mere violation of the statute, absent a showing of resulting prejudice, mandates modification.[3]

Several older decisions have established that a contention of prejudice resulting from limitation of argument must be accompanied by a demonstration from the record that the time allotted was not sufficient; that at the end of the allotted time the argument was not concluded; that counsel requested further time; and that upon refusal, a record concerning the matter was made. See, *Fisher v. State,* 54 Okl.Cr. 109, 16 P.2d 267 (1932); *Hampton v. State,* 50 Okl.Cr. 2, 295 P. 398 (1931); *Williams,* supra.

The appellant admits these procedures were not followed in the present case, but points out that all or substantially all of the time allotted him was used. Nonetheless, we fail to see how, in this case, the appellant suffered injury.

We have fully examined the record and conclude that the appellant was not deprived of his rights to due process or a fair trial by the error alleged herein. The judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.

prior felonious record. Thus, there is no need for the proceedings we outlined for 701.12(1) circumstances in *Brewer,* in AFCF cases.

In addition, the stipulations in 701.12(1) situations go beyond the mere stipulation that a prior felony conviction exists, but rather go to the *substance* of the felony. The defendant in such a situation is faced with the additional consideration of whether he wants the details of the prior crime necessary to establish that it did involve "the use or threat of violence to the person" to be heard by the jury in the sentencing stage. We found it imperative that the defendant's decision be sufficiently informed. That rationale is not applicable to AFCF cases.

**2.** The record reveals that the prosecutor twice made such a reference. The first was made during closing arguments in the guilt stage of the trial. The appellant did not object to that remark until it was repeated in the second stage. Thus the error, if any, resulting from the first remark was waived. *Smith v. State,* 550 P.2d 946 (Okl.Cr.1976).

Furthermore, in light of the substantial evidence of the appellant's culpability, we cannot say the remark affected the verdict in the guilt stage. See, *Hux v. State,* 554 P.2d 82 (Okl.Cr. 1976); *Smith,* supra.

**3.** The appellant alleges that the violation of the statute in issue amounts to a violation of his right to due process under the Federal Constitution. We need only point out that not every violation of a statute is of sufficient magnitude to constitute a violation of a defendant's fundamental right. This is one of those cases. *Williams,* supra.