THE STATE v. DOE.

1. **Criminal Law**: AMENDMENT OF INFORMATION. An information may be amended upon application to any extent which the court may deem consistent and proper.

*Appeal from Allamakee District Court.*

TUESDAY, APRIL 22.

ON the 30th day of October, 1877, there was filed in the office of J. W. Pennington, a justice of the peace, an information in these words:

"STATE OF IOWA, } ss.
ALLAMAKEE COUNTY, }

"STATE OF IOWA, } In Justice's Court, before J. W. Pen-
vs. } nington, J. P.
JOHN DOE. }

"The defendant is accused of the crime of peddling dry goods, shoe-laces, notions of various kinds, in the county aforesaid, without license. The said complainant, therefore, prays that the said defendant may be arrested and dealt with as provided by the statute of the State of Iowa.

[Signed], "PETER STEVENS, Constable."

"Subscribed and sworn to by the said Peter Stevens, complainant herein, before me, this 30th day of October, 1877.

[Signed], "J. W. PENNINGTON, J. P."

A warrant was duly issued upon this information, and the defendant was arrested and brought before said justice of the peace. The defendant made a motion for a change of venue, which was sustained, and the cause was sent to the next nearest justice of the peace in said county, where a regular trial took place upon said information, and the defendant was found guilty and was fined in the sum of five dollars and the costs. From this judgment the defendant appealed to the District Court.

The cause having been reached for disposition in the District Court the defendant filed a demurrer to the information. The court sustained the demurrer. Thereupon the district attorney filed a motion for leave to file an amended information in said cause. With the motion was exhibited the proposed amendment, duly verified. The motion for leave to amend was overruled, to which ruling proper exceptions were taken.

Thereupon the court dismissed said cause, and discharged the defendant. The State appeals.

*O. J. Clark, District Attorney*, and *J. F. McJunkin, Attorney General*, for the State.

No appearance for appellee.

ROTHROCK, J.—In the case of *State v. Merchant*, 38 Iowa, 375, it was determined that "an information stands upon different grounds from an indictment, and is amendable." In Bishop on Criminal Procedure, vol. 1, § 714, it is said: "The public officer by whom the information is presented and prosecuted being always in court, it may be amended, on application, to any extent which the judge deems to be consistent with the orderly conduct of judicial business, with the public interest, and with public rights."

1. CRIMINAL law: amendment of information.

It is true that in *State v. Merchant, supra*, the information was in proper form, except that the name of the person making it was not signed thereto, and the only amendment sought to be made was affixing the proper signature, while in the case at bar it is conceded that the information in the charging part thereof is materially defective.

But, if the right of amendment be conceded, it may well be asked why limit it to such unimportant changes as permitting a signature to be affixed? We can see no reason why it should not be permitted to any extent "consistent with the orderly

conduct of judicial business, with the public interest, and with private rights."

How any of these considerations precluded the amendment sought in the case at bar is not apparent. If the amendment would have been a surprise to defendant, the court, upon a proper showing, could have fully protected him by allowing sufficient time to prepare for trial upon the information as amended.

REVERSED.