54 363
131 432

---

THE STATE v. DUBOIS.

1 **Criminal Law:** EVIDENCE: ADMISSIONS. The defendant having been convicted of larceny, and there being no evidence of the commission of the crime except the admissions of defendant, made out of court, it was held that the conviction was illegal under section 4427 of the Code.

*Appeal from Monona District Court.*

THURSDAY, SEPTEMBER 23.

DEFENDANT was indicted and convicted of larceny, and sentenced to the penitentiary for three years. He now prose-

cutes his appeal to this court.   The facts of the case appear in the opinion.

*Monk & Selleck* and *Isaac Pendleton*, for appellant.

*J. F. McJunkin*, *Attorney General*, for the State.

BECK, J.—I.   The indictment charges defendant with the larceny of $495 in money, and of promissory notes of the value of $2,000, all the property of one P. F. Signeur.   A count of the indictment charges that the money and notes came into the possession of defendant by finding, and that, while knowing the owner thereof, he appropriated the property to his own use.

1. CRIMINAL LAW : evidence : admissions.

The testimony in support of the indictment, tending to show that defendant did find the money and notes and appropriate them to his own use, consists wholly of his confessions made out of court.

Code, section 4427, provides that, "The confession of the defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that the offense was committed."   Under this provision the defendant cannot be convicted unless the *corpus delicti* be established by proofs other than the defendant's confessions made out of court. The evidence, therefore, did not support the verdict.

II.   It is proper that, in support of our conclusion, we briefly state the substance and effect of the testimony which is relied upon to establish the *corpus delicti*.   It is shown that Signeur had in his possession the money and the notes a short time before the alleged loss.   He sought the sheriff of the county for the purpose of securing his services in finding the property.   He was accompanied by defendant, and made statements in the presence of defendant in regard to the manner of his losing the property, and its value.   This evidence is admissible, if at all, only upon the ground that defendant, being present and hearing the statements of Signeur, must be regarded as admitting them.   If this position

be correct the evidence amounts to nothing more than proof of the confession of defendant that the property was lost. This fact is an essential ingredient of the proof required to establish the *corpus delicti;* the admission of the fact by defendant tends to establish it by his confession. But under the statute cited the *corpus delicti* cannot be established by the confession of the defendant.

The statements of Signeur, viewed in any other light than as tending to establish a confession by defendant, are hearsay evidence, and incompetent.

The fact that Signeur did have in his possession the property a short time before the .alleged loss does not establish the loss, or, without more, tend to establish it. To show that he did have the property at a certain time does not lead to the conclusion that he afterward lost it. As this testimony is no proof of the loss it cannot, of course, be regarded as proof of the *corpus delicti*—of the larceny.

The other testimony in the case, upon which it is claimed defendant's guilt is established, consists of many admissions that he found the property, made in conversation with different persons, and in one or two letters written by him to his brother. One of these conversations was had with C. L. Rousselle, the maker of the note alleged to have been stolen, and his wife. From this conversation, and other admissions of defendant, it appears that Mrs. Rousselle was with defendant when he found the property. The conversation was testified to by two witnesses, who were so placed by Rousselle that they could overhear what was said. It tends to authorize the conclusion that Rousselle and his wife hoped to gain something by defendant's transactions. In this and the other conversations, and in the letters, defendant admitted the finding of the property and its appropriation, but he gives certain explanations of the transactions in excuse for his acts, and avows that he intended to return the property. It is proper to say that his explanations and excuses are extremely unsatisfactory. In all this testimony there is not one word other

than the confessions of defendant, tending to establish the *corpus delicti*—that the offense was committed. Our views and conclusions are based upon the most familiar principles of the law. We cannot hesitate to apply them in this case, though there is reason to fear that, by their application in this instance, a guilty man escapes punishment. But, however strong may be our belief of defendant's guilt, we cannot overturn the law to sustain his conviction. By so doing justice would be more gravely offended than by his escape from punishment by the failure of the prosecution to produce legal evidence that an offense had been committed. The judgment of the District Court must be .

REVERSED.