STATE OF IOWA v. H. H. ABRAMS, Appellant.

**Information:** AMENDMENT. Where there is no uncertainty as to
1  the nature of an offense charged in an information, it may, in
the discretion of the court, be amended so as to charge the
commission of the crime anywhere within the jurisdiction of
the court, instead of within a particular subdivision.

**Carrying concealed weapons:** ADMISSIONS: CONFESSIONS: CORPUS
2  DELICTI. The admission of defendant in a justice court that he
carried a concealed weapon as charged in the information,
when proven on appeal to the district court does not amount
to a confession of guilt, and unaided by other evidence of the
*corpus delicti* will not support a conviction; and this is espe-
cially true where defendant in the same connection insisted
on his right so to do under a commission from a magistrate
directing him to make an arrest.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR,
Judge.

TUESDAY, SEPTEMBER 25, 1906.

THE defendant was convicted of having carried a con-
cealed weapon, and appeals.—*Reversed.*

*E. R. Acres,* for appellant.

*Chas. W. Mullan, Attorney General,* and *Lawrence De
Graff, Assistant Attorney General,* for the State.

LADD, J.— The defendant was accused, in an informa-
tion filed with a justice of the peace, of being " found in the
village of Quasqueton in Buchanan county, armed with one
revolver, the same being a deadly weapon, with intent to
use the same on the citizens of Quasqueton and keeping the
same revolver concealed." He was convicted, and appealed
to the district court, where the state was allowed, over ob-

jections, to file an amended information accusing him of " carrying concealed upon his person a dangerous and deadly weapon, to wit, a revolver loaded with powder and ball cartridges," in Buchanan county.

It will be observed that the effect of the amendment was more definitely to charge the offense and to extend the territory within which committed from Quasqueton to the entire

1. INFORMATION: amendment.

county. The right to amend an information has long been recognized by this court: In State v. Merchant, 38 Iowa, 375, by allowing the prosecuting witness to attach his signature; in State v. Doe, 50 Iowa, 541, by making the charging part more definite in order to obviate the ruling on demurrer; in State v. Reilly, 108 Iowa, 735, to eliminate matter which might render it open to the charge of duplicity. In the last case the filing of an amended information was approved. See, also, State v. Perry, 117 Iowa, 463, and State v. Brown, 128 Iowa, 24. The information is in the nature of an accusation by a party before the court, and not like an indictment, the result of the finding of facts from evidence considered by a body not present. The amendment to an information may be added by the same party making the original accusation, and there is no reason for denying any amendment " consistent with orderly conduct of the judicial business, with the public interest, and with private rights." An amendment making additional charges should not be permitted. Com. v. Rodes, 1 Dana (Ky.) 595. In Com. v. Williamson, 4 Grat. (Va.) 554, the court held that an information not charging a misdemeanor could not be amended. This may be so where the information is so indefinite as not to indicate the offense intended; but, when this appears, State v. Doe, supra, is authority to the contrary. The right to make the charge more definite cannot be doubted, and, where there is no doubt as to the nature of the offense, we think that the information may be so amended as to charge its commission anywhere within the jurisdiction of the court, instead of in a particlar sub-

division, as in a city, incorporated town, or township. This does not alter the character of the offense, but merely enlarges the scope of proof by extending the territory within which it may be shown to have been committed. Such an amendment sometimes may require a postponement of the trial, and for this reason is largely discretionary. There was no abuse of discretion in this case.

II. The offense charged is that denounced by section 4775 of the Code: " If any person carry upon his person any concealed weapon or shall willfully draw and point a

2. CARRYING CONCEALED WEAPONS: admissions: confessions: *corpus delicti.*

pistol, revolver or gun at another, he shall be guilty of a misdemeanor, and be fined not more than one hundred dollars, or imprisoned in the county jail not more than thirty days; but this section shall not apply to police officers and other persons whose duty it is to execute process or warrants, or make arrests." The state relied upon finding a revolver in defendant's hip pocket when arrested and his admission before the justice of the peace as proof of guilt. The testimony of the justice was to the effect that he admitted carrying the weapon concealed, but insisted in connection therewith upon his right to do so and exhibited a warrant for the arrest of one Cook, issued by Squire Brooks of Buffalo township in the same county, together with a written appointment of himself as special constable to make the arrest, and that he was acting thereon when arrested by Touris. The latter testified to similar admissions and the exhibition of like proof of his authority. Harris stated that defendant said to him he always carried it (the revolver), but whether concealed was not indicated. Thus all material admissions were made in connection with a showing that the accused was within the exception of the statute permitting a person whose duty it is to execute a warrant to carry a weapon concealed, if so advised, by virtue of an appointment under section 4589 of the Code. The discovery of the revolver in his hip pocket was subsequent to the filing of the information, and, as there

was no showing of when it was placed there, it cannot be inferred that it had been carried by him concealed, prior to entering the complaint. Moreover, it may have been in plain view, though lodged in the hip pocket. There was no proof of the *corpus delicti* aside from the admissions made by the defendant, and this was essential if these were to be treated as amounting to a confession of guilt. *State v. Dubois,* 54 Iowa, 363. See cases collected in 12 Cyc. 483. Section 5491 of the Code provides that: " The confession of the defendant unless made in open court will not warrant conviction unless accompanied by other proof that the offense was committed." Confessions are either judicial or extrajudicial. Judicial confessions are those made in conformity to law before a committing magistrate or in court in the course of legal proceedings. Extrajudicial confessions are those which are made by a party elsewhere than before a magistrate or in court. These, by the great weight or authority, independent of statute, must be corroborated by proof of the *corpus delicti. Matthews v. State,* 55 Ala. 65 (28 Am. Rep. 698); *State v. Lamb,* 28 Mo. 218; 12 Cyc. 483.

At the common law, and in many of the states, the testimony of the accused, when given on preliminary examination, is required to be taken down in writing after he has been duly cautioned, the writing read over to him, and either signed by him or at least certified by the justice as his evidence. When this has been done, what he has said, if amounting to a confession, is received as proof of guilt without other evidence of the commission of the offense. But under our statute the accused is not required to plead. The justice merely preserves minutes of the testimony to be sent to the district court for the use of the grand jury, unless by agreement of the parties the evidence is taken down by a stenographer. The minutes of the evidence need not be read over to him, nor is he required to sign the same, nor is the justice required to do more than to certify to the substance of the testimony. In these circumstances, it is at least doubt-

ful whether the statements made on preliminary examination in any case are to be regarded as a confession in open court within the meaning of this statute.   See Matthews v. State, *supra*.   The question, however, is not raised in this case, and is referred to merely in passing to the determination of whether a confession of guilt in a justice court or in the district court on a former trial may be received as sufficient evidence of guilt without proof of the *corpus delicti*.   In *State v. Briggs,* 68 Iowa, 416, evidence of a plea of guilty on preliminary hearing was held to be admissible on the trial, and in *Commonwealth v. Ervine,* 38 Ky. 30, the court was of the opinion that evidence of a plea of guilty in the justice court might be received in a trial on appeal to the circuit court of that state, though it was said " the effect of the confession as proof of guilt, like that of other evidence, is subject to be repelled, and is, from the nature of the proceedings, submitted to the judgment of the jury "; the estoppel being waived by the issue.   See *Com. v. Callahan,* 108 Mass. 421.   In *State v. Myers,* 99 Mo. 107 (12 S. W. 516), the defendant's plea of guilty was refused by the court, and it was held that, in such a case, evidence of the plea was not admissible.

In *People v. Ryan,* 82 Cal. 617 (23 Pac. 121), evidence of a plea of guilty, withdrawn in the same court at which the trial occurred on a substituted plea of not guilty, was held inadmissible.   On appeal from the justice court, the cause stands for trial anew in the district court in the same manner that it would have been tried before the justice and as near as practicable as would an issue of fact on indictment. Section 5617 of the Code.   Though the accused may have pleaded guilty in the justice court, this may be withdrawn on appeal and trial had as though not entered.   *State v. Kraft,* 10 Iowa, 330; *State v. Oehslager,* 38 Iowa, 297; *State v. Farlee,* 74 Iowa, 451.   Evidence of a plea of guilty in justice court should be received on appeal, for the admission of guilt is allowed to stand for judgment and can-

not be treated as a mere matter of making up the issues, as where it is subsequently withdrawn and another plea substituted in the same court. The consideration to which it is entitled necessarily depends on the circumstances under which the plea was entered. But, if a plea of guilty once entered is subsequently withdrawn, its force as a confession of guilt in so far as made in open court is destroyed, for, even though guilt be admitted, it is also denied and taken together does not amount to that unequivocal acknowledgment of guilt which will authorize a judgment of conviction. The manifest intention of the statute is that the confession as such may be withdrawn and the State be put upon its proof as though it had not been entered originally. Otherwise the privilege of changing the plea would be valueless, for evidence of the first plea of guilty might be received as conclusive proof of guilt, notwithstanding the changed plea of not guilty. This being so, whatever defendant may have said by way of confession to the justice must be considered in connection with his plea of not guilty in the district court, and, even though proven, in view of the change of plea, cannot be regarded as a confession in open court. As there was no other evidence of the *corpus delicti,* the accused should have been acquitted. The statements of defendant, however, did not amount to a confession. He specifically denied his guilt, and, though admitting that he carried a revolver, insisted that he had a right to do so. To constitute a confession, the admissions or declarations must amount to an acknowledgment of guilt of the offense or participation therein. *State v. Novak,* 109 Iowa, 717; *State v. Glyden,* 51 Iowa, 463; *State v. Knowles,* 48 Iowa, 598; *State v. Jones,* 33 Iowa, 9. The statement, to amount to a confession, should be such that it may be said therefrom that the party making it admits his guilt of the particular offense. If it falls short of this, it should be classified as a mere declaration or admission. If defendant admitted having carried a revolver, it was accompanied with the explanation that this was done under

circumstances indicating his innocence, and was done for the evident purpose of denying, not admitting, guilt of the offense charged.   Wigmore on Ev. section 821; *State v. Cadotte,* 17 Mont. 315 (42 Pac. 857) ; State v. Novak, *supra.*   If the explanation were to be rejected by the jury, it might find an admission of facts constituting the offense left; but this, without proof of the *corpus delicti,* would not justify a conviction under the statute.

The evidence was insufficient, and the judgment is *reversed.*