(No. 2769.   April 5, 1923.)

STATE v. DENA et al.

### SYLLABUS BY THE COURT

(1)   Confessions which are freely and voluntarily made, without duress, coercion, hope, fear, and without promise of reward or immunity, even though made while the accused is under arrest and before advice of counsel is obtained, are admissible in evidence.                                   P. 480

(2)   Where it affirmatively appears from the state's evidence that the accused, being Indians, unable to speak the English language, asked the deputy sheriff who then had them under arrest and in his custody if they would be hurt if they confessed; that such officer assured them they would not be hurt, and that it would be better for them to tell the truth, such confessions made immediately thereafter are not admissible.                           P. 481

(3)   Section 2166, Code 1915, construed, and held to merely make the accused a competent witness in his own behalf, and not to exclude evidence of confessions which are freely and voluntarily made.                         P. 482

(4)   Proof of the corpus delicti of the crime charged in the indictment cannot be established by extrajudicial confessions alone.                                      P. 483

(5)   Confessions which are made before a committing magistrate during a preliminary hearing are judicial, and as such will, without other evidence of the corpus delicti, support a conviction.                              P. 484

Appeal from District Court, McKinley County; Holloman, Judge.

Noki Dena, Cha Cha Begay and Noco Yazza, were convicted of murder in the first degree, and they appeal.   Reversed and remanded, with directions.

J. W. Chapman and E. R. French, both of Gallup, for appellants.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

BRATTON, J.    Appellants were jointly indicted charged with the murder of one Frank Lewis. The indictment contained three counts, the first charging that the said Lewis was killed by being struck and beaten on the head with a wooden club. The second count charged that he was killed by being struck and beaten on the head with an axe, and the third charged that he was killed by some means unknown to the grand jury. By separate verdict each of the appellants was found guilty of murder in the first degree, and pursuant thereto was sentenced to death.

[1] Appellants first argue that the court erred in admitting in evidence certain testimony tending to establish two different confessions made by them, the first being made to Bob Roberts, who was deputy sheriff of McKinley County, and the second being made by them during their preliminary hearing. They assert that such confessions were not admissible because made while they were under arrest, without the advice of counsel, without being warned, and that they were involuntary in character. It has been many times declared by this court that confessions which are made without being induced by threats, duress, coercion, fear, hope, promise of reward or immunity, but from the voluntary volition of the accused become admissible, and the fact that appellants were under arrest or were not represented by counsel is immaterial. The two leading principles of exclusion applicable to confessions were fully and thoroughly discussed in Territory v. Emilio, 14 N. M. 147, 89 Pac. 239, wherein Justice Parker announced the first to be that, when such confessions are induced by promises or threats, hope or fear, the temptation to speak falsely is so great as to render the statements so made entirely untrust-

worthy, and the second being that that portion of the Fifth Amendent to the Constitution of the United States which provided that "no person shall be compelled in any criminal case to be a witness against himself" excluded involuntary confession, but when they are freely and voluntary made, without being induced by promises or threats, hope or fear, duress or coercion, both doctrines of exclusion are met and over come, and they are then admissible. Section 15 of article 2 of Constitution being substantially the same, with regard to the question now under consideration, as the Fifth Amendment to the Constitution of the United States, this court is led to the same conclusion concerning the admissibility of confessions as was the territorial court. The case referred to has been many times followed by this court, and the law upon this subject has now become well settled in this state. Territory v. Lobato, 17 N. M. 666, 134 Pac. 222. L. R. A. 1917A, 1226; State v. Armijo, 18 N. M. 262, 133 Pac. 555; State v. Ascarate, 21 N. M. 192, 153 Pac. 1036; State v. Orfanakis, 22 N. M. 107, 159 Pac. 674; State v. Anderson, 24 N. M. 360, 174 Pac. 215; State v. McDaniels 27 N. M. 59, 196 Pac. 177; State v. Chaves, 27 N. M. 504, 202 Pac. 694.

[2] It is affirmatively shown by the state's evidence, however, that prior to making their confessions to the deputy sheriff Bob Roberts, who then had them in his custody upon this charge, the appellants asked him if they would be hurt if they confessed; that in response to such inquiry he told them that they would not be hurt, and that it would be better for them to tell the truth. Whether or not such promises so made or inducements so held out by the officer having the accused in his possession and which may tend to establish hope in the mind of the accused are such as to render confessions made under such circumstances inadmissible is a question which has frequently been considered by the courts of other states. The authorities are divided with reference to whether the mere advice on the part of such officer to tell the truth—that it will be better to tell the truth—is sufficient to show im-

proper influence in inducing the confession. We are not required, however, to determine whether the mere adjuration to tell the truth is sufficient to exclude the evidence of such confessions. In this case we have this advice on the part of such officer, coupled with the further fact that he told and assured these appellants, who are shown to be Indians, unable to speak the English language, and who doubtless in this helpless condition relied largely upon such officer and his advice and assurance, that they would not be hurt. These two things together, we think, are sufficient to render the confessions made immediately thereafter involuntary. The underlying reasons for this conclusion are that confessions must not be received in evidence when influenced, however slight, by direct or implied promises made by any person in authority. When such promises are shown, the law cannot measure the force of the influence thereby produced; neither can the courts determine in what degree they affected the mind of the accused and to what extent they entered into his decision to confess. Hence the rule is established that, when it is shown such promises, either express or implied are so made by person in authority, confessions which are made pursuant thereto must be excluded. The many cases discussing various conditions under which this question has been determined may be found in the very lengthy notes appended to the case of Ammons v. State, 18 L. R. A. (N. S.) 768, and Lindsay v. State, 50 L. R. A. (N. S.) 1077

[3] Appellants next complain of the admission of such confessions in evidence because there was no proof offered that they made the same at their own express request. They predicate this argument upon section 2166, Code 1915, and urge that by virtue of the provisions of said statute no statements made by them, unless made at their express request, can be introduced in evidence against them. Said section is in the following language:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the com-

mission of crimes, offenses and misdemeanors in the courts of this state, the person so charged shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him."

Counsel obviously misconceive the entire force and purpose of the statute. It merely permits a person charged with a crime to be a competent witness in his own behalf. At common law the accused was not a competent witness, and could not testify in his own behalf, and this statute merely changes this common law rule and permits a defendant upon his trial to become and be a competent witness in his own behalf. It has nothing whatever to do with confessions which are made free from the influences heretofore discussed.

Appellants lastly urge that the court erred in the admission of such confessions in evidence for the reason that the corpus delicti of the crime charged in the indictment was not otherwise proven, and that a conviction cannot be obtained upon such confession alone. The corpus delcti in a homicide case consists in the proof that the person whose death is charged in the indictment is in fact dead, and that his death was caused by the criminal act or agency of another.

[4] After carefully reviewing the record we think this contention would be well made if both of the confessions were extrajudicial. It is well settled that the corpus delicti of the crime laid in the indictment cannot be established solely by the extrajudicial confession of the accused. The reasons which underlie this rule are the hasty and inaccurate character which confessions often have; the temptation which, for different reasons, a person may have to say that which he considers most beneficial to himself, whether true or untrue; the liability which there is to misconstrue or inaccurately report that which has been said, the danger of obtaining a conviction when no crime has been committed; the difficulty of disproving what may be said and the general feeling that the rule best accords with the degree of care and caution which should be exer-

cised in such cases. 2 Wharton on Cr. Ev. § 633; Wharton on Homicide, p. 900, §§ 589, 590; 1 Greenleaf on End. § 217; 3 Wigmore on Evidence, p. 2779 § 2071; 1 R. C. L. p. 587; 7 R. C. L. 777; 13 R. C. L. p. 739.

[5] The case, however falls within a different class and is governed by a different rule. The second series of confessions, being those made before the committing magistrate during their preliminary hearing, were not extra-judicial. On the contrary, they were judicial and upon which, without corroboration, a conviction may be sustained. 1 R. C. L. p. 586 § 129; 16 C. J. p. 716, § 1465; White v. State, 49 Ala. 344; State v. Lamb, 28 Mo. 218; Skaggs v. State, 88 Ark. 62, 113 S. W. 346, 16 Ann. Cas. 622; State v. Abrams, 131 Iowa, 479, 108 N. W. 1041.

For the reasons stated, the judgment is reversed, and the cause remanded, with directions to award a new trial and to proceed in accordance herewith; and it is so ordered.

PARKER, C. J., and BOTTS, J. concur.