STATE OF IOWA, Appellee, v. PETE THOMSEN, Appellant.

**CRIMINAL LAW:** Evidence—Confessions—Proof of Corpus Delicti. A naked confession made out of court will not sustain a conviction unless the *corpus delicti* is *otherwise proven.* So held as to a charge of maintaining an intoxicating liquor nuisance, there being no evidence that the accused had ever, directly or indirectly, been engaged in trafficking in such liquors.

Headnote 1: 16 C. J. p. 772.

Headnote 1: 68 L. R. A. 74; L. R. A. 1916B, 748; 1 R. C. L. 588.

*Appeal from Clinton District Court.*—D. V. JACKSON, Judge.

DECEMBER 13, 1927.

The defendant is charged with the crime of maintaining a liquor nuisance. From a verdict against him and judgment rendered thereon he appeals.—*Reversed.*

*F. L. Holleran* and *P. B. Holleran,* for appellant.

*John Fletcher,* Attorney-general, and *M. L. Sutton,* County Attorney, for appellee.

ALBERT, J.—We glean the following facts from the record:

One Johannes Broderson operated a soft-drink parlor and restaurant in the town of Charlotte, in Clinton County, Iowa. The building in which he was accused of maintaining a liquor nuisance consisted of a front room, known as the soft-drink parlor, and some rear rooms that were occupied by Broderson and his wife as a residence. In the early part of 1927, Broderson was convicted of maintaining a liquor nuisance, sentenced to the county jail, and on February 7th was taken there to serve his sentence. The defendant in this case, Pete Thomsen, at times assisted Broderson in and about his place of business. The evidence shows that, before Broderson left, he requested Thomsen to conduct his business while he (Broderson) was serving his time. In pursuance thereof, the defendant, Thomsen, looked after Broderson's business, and boarded and roomed in

this building during this time.   Mrs. Broderson, not being in-
formed of this arrangement between her husband and the de-
fendant, considered Thomsen an intruder, and a dispute arose
between them about this matter, and she applied to the county
attorney for relief.

All of the testimony given in the case that in any way
tends to support this indictment is given by Mrs. Broderson,
and when this testimony is analyzed, it is found insufficient to
support the verdict.   She does not testify that she saw Thomsen
have any liquor in the building, or that she saw him sell any,
or offer to sell any.   It is true that in one place in her testi-
mony she says that Thomsen sold liquor, but immediately ex-
plains by saying that she knows this because ''Thomsen told her
so;'' and it is on this confession so made to her by Thomsen that
the State must rely to sustain this conviction.   She states the
confession several different times in her testimony; but for the
purposes of this case, we accept it as a confession on the part
of the defendant.

Section 13903, Code of 1924, reads as follows:

''The confession of the defendant, unless made in open
court, will not warrant a conviction, unless accompanied with
other proof that the offense was committed.''

To put this in another way, the *corpus delicti* of the crime
must be proved; and, regardless of what the confession may
be, if the *corpus delicti* is not proved, the conviction cannot
stand.   Such has ever been the rule of this court, since the
case of *State v. Turner,* 19 Iowa 144, and has been consistently
applied.   See *State v. Lewis,* 45 Iowa 20; *State v. Feltes,* 51
Iowa 495; *State v. Dubois,* 54 Iowa 363; *State v. Westcott,* 130
Iowa 1; *State v. Abrams,* 131 Iowa 479.

As applied to this case, there must be evidence to show
that this defendant was conducting a nuisance at the time and
place in question, and this evidence must come from sources
other than the confession made outside of open court.   This
does not mean that the person to whom the confession was
made cannot also testify to the *corpus delicti,* but means that,
regardless of the source from which it comes, and regardless of
the contents of the confession, if there is not some other testi-
mony, aside from the confession itself made outside of open
court, a conviction cannot stand.

We have read this record with care, and must say that, taken as a whole, outside of the confession itself, there is no proof whatever of the *corpus delicti*. This being our conclusion, it necessarily follows that the defendant was not rightfully convicted.—*Reversed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.