418 P.2d 886

STATE of Arizona, Appellee,

v.

Peter Munoz VALENZUELA, Appellant.

No. 1663.

Supreme Court of Arizona.

In Banc.

Sept. 28, 1966.

Rehearing Denied Oct. 25, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Leon Thikoll, Tucson, for appellant.

LOCKWOOD, Justice:

Appellant, a minor, was charged with five counts of violating A.R.S. § 36–1002.04. The jury found him guilty on all five counts. He was sentenced to five consecutive terms of five to ten years on each count. The defendant complains to this court that: (1) There was insufficient evidence upon which a jury could have found him guilty of administering heroin to the prosecutrix; (2) The trial court erred in ruling that as a matter of law the prosecutrix, Carlotta Silvas, was not an accomplice in the crime charged against the defendant and that her testimony linking the defendant to the crime need not be corroborated; (3) In the light of the circumstances the trial judge abused his discretion in imposing such a harsh sentence upon this defendant.

In a criminal appeal, we have stated repeatedly that we will view the evidence in the light most favorable to the State. State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965); State v. Mangrum, 98 Ariz. 279, 403 P.2d 925 (1965). The information filed against the defendant alleged that the defendant, a minor, administered to the prosecutrix, Carlotta Silvas, also a minor, the narcotic drug, heroin, upon five separate occasions, in violation of A.R.S. § 36–1002.04. At the trial the prosecutrix testified in detail to the five separate occasions upon which she received a drug from the defendant. She testified that the substance which the defendant injected into her was tannish in color. Miss Silvas stated in detail the method employed by the defendant to administer the substance to her. No portion of the substance, which was alleged to have been administered to her by the defendant, was admitted in evidence. For illustrative purposes a "paper" of heroin was admitted in evidence to show the jury that the drug heroin fit the description of the substance which, Miss Silvas stated, the defendant had given to her.

In hypothetical questions to an expert witness, based on the testimony of the prosecutrix concerning the color of the substance injected into her, the method used by the defendant in administering the substance, her reactions following the injection of the fluid into her bloodstream, and upon the expert's own knowledge of the habits of narcotic users and "pushers", the expert stated that in his opinion the substance injected into the prosecutrix's bloodstream was heroin. In addition to this evi-

dence there was testimony that the defendant told the prosecutrix's mother that he had given her daughter "a fix". An expert testified that this expression in the common parlance of narcotic users and "pushers" means that one has been injected with heroin. The prosecutrix testified that the defendant continually referred to the substance, which he injected into himself and into her, as "carga". An expert stated that the term "carga" is the local Mexican slang for heroin. The defense attempted to impeach the prosecutrix by showing that, at the preliminary hearing, she testified that the color of the substance, with which she had been injected, was white.

In the present case, the issue is whether the defendant administered the narcotic drug, heroin, to the prosecutrix. A sample of the actual drug which was alleged to have been administered to Miss Silvas by the defendant was not in evidence. However, there is no reason why this crime could not be proven by circumstantial evidence just as any other crime. People v. Robinson, 14 Ill.2d 325, 153 N.E.2d 65 (1958). However, in this case the state introduced both direct and circumstantial evidence sufficient for the jury to find that in fact the defendant had administered heroin to the prosecutrix.

■ The defendant attempted to impeach the prosecutrix by showing that she had stated at the preliminary hearing of this cause that the substance, with which she had been injected, was white. At the trial she stated that it was "tannish". The defendant claims in effect that this impeachment invalidates the prosecutrix's testimony. It is proper to impeach a witness on the basis of a prior inconsistent statement. However, the prior inconsistent statement is admissible only to shed doubt on the witness' credibility and is not to be used as substantive evidence. Kerley Chemical Corp. v. Producers Cotton Oil Co., 2 Ariz.App. 56, 406 P.2d 258 (1965). It is the responsibility of the jury to determine the credibility of witnesses. Davidson

v. Wee, 93 Ariz. 191, 379 P.2d 744 (1963); Atchison T. & S. F. R. Co. et al. v. Hicks, 64 Ariz. 15, 165 P.2d 167 (1946). The jury obviously believed the prosecutrix's testimony at the trial.

■ The defendant next complains that the trial judge committed error in finding as a matter of law that Carlotta Silvas was not an accomplice in the crime charged against the defendant. We have stated on many occasions that a witness may be considered an accomplice, and his testimony must therefore be corroborated [A.R.S. § 13-136], if the witness could be informed against for the same crime of which the defendant is accused. State v. Sims, 99 Ariz. 302, 409 P.2d 17 (1965); State v. Sheldon, 91 Ariz. 73, 369 P.2d 917 (1962).

■ The statute, whose violation the defendant is charged with, reads as follows:

"§ 36–1002.04. Minors inducing minors to violate narcotic drug laws; penalty

"A. Every person under the age of twenty-one years who in any voluntary manner solicits, induces, encourages, or intimidates any minor with the intent that the minor shall knowingly violate any provision of this article, or § 36–1062, or who hires, employs, or uses a minor to knowingly and unlawfully transport, carry, sell, give away, prepare for sale or peddle any narcotic drug other than marijuana or who unlawfully sells, furnishes, administers, gives or offers to sell, furnish, administer, or give, any narcotic drug other than marijuana to a minor shall be punished by imprisonment in the state prison for not less than five years."

The statute under which the defendant was convicted has as its purpose the prevention of one minor from inducing another to become a narcotics addict. The statute was designed obviously to protect persons in the position of the prosecutrix in this case. Miss Silvas may have violated other sections of the Uniform Narcotic Drug Act as adopted in the state. However, even though she may have violated other parts of the

act, she could not have been charged with violating the statute under which the defendant is being prosecuted. Thus she cannot be considered an accomplice and her testimony need not be corroborated in order to have sufficient evidence to support the defendant's conviction. An analogous situation presented itself in the case of State v. Miller, 71 Ariz. 140, 224 P.2d 205 (1950). In that case, we held that a minor could not be an accomplice of a defendant who was charged with the crime of contributing to the delinquency of a minor since the minor could not be charged with contributing to his own delinquency.

The appellant concludes his appeal by claiming that the trial judge abused his discretion in sentencing him to from five to ten years on each of the five counts of which the jury had found him guilty. The sentence meted out in this instant is within the statutory limit. We will not upset the sentence imposed upon the defendant by the judge as long as he stays within the statutory limitations and there is no abuse of his discretion. State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (1965). The defendant claims that the judge abused his discretion in imposing such a rigorous penalty considering the fact that the five acts of which the defendant was found guilty occurred in a short span of time. In fact three of the acts occurred on the same day. It is true that the sentence imposed upon the defendant is severe. However, the social, economic, and moral fabric of the state is constantly threatened by those unscrupulous individuals who turn minors into spineless creatures craving for narcotics. The fact that the defendant injected the prosecutrix three times in one day should weigh against him rather than in his favor. Also to be considered in the sentencing was the defendant's criminal record. One month prior to the present trial the defendant was convicted and sentenced for committing burglary.

Affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.