445 P.2d 434

**STATE of Arizona, Appellee,**
v.
**Simon A. RIVERA, Appellant.**
No. 1735.

Supreme Court of Arizona.
In Banc.
Sept. 25, 1968.

gone to a vacant house in the City of Tucson where appellant mixed a powder with water in a spoon, heated the mixture, placed cotton in the spoon, and used an eyedropper and needle to draw up the mixture, then gave both of them a "fix". She testified that following both such "fixes", her mouth was dry, her nose itched, and her eyes felt heavy. Carlotta further testified that she did not know what the powder was, but on one occasion appellant had called it "carga". A State's witness testified that the word carga was the Mexican slang word for heroin.

The State introduced into evidence, for illustrative purposes only, a small folded paper containing heroin, and Carlotta was asked whether the paper she saw appellant use was like, or similar to the exhibit. Carlotta stated that she did not see the paper but the powder was similar in color to that contained in the paper. Also, a handkerchief allegedly used as a tourniquet by appellant on the two occasions was introduced into evidence. An expert witness for the State gave his opinion that, based upon the facts heretofore set forth, the appellant had administered heroin to Carlotta Silvas.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Clampitt, Videen & Berlat, by Garven W. Videen, Tucson, for appellant.

LOCKWOOD, Justice.

Appellant was charged with two counts of administering a narcotic to a minor—a violation of A.R.S. § 36–1002.03. Following a trial by jury in the Superior Court of Pima County, appellant was adjudged guilty on both counts and was sentenced to serve consecutively two terms of not less than eight years nor more than ten years in the Arizona State Prison. From the verdicts, sentences and the denial of his motion for a new trial, appellant brings this appeal. He makes numerous assignments of error, which will be set forth below. The evidence taken in a light most favorable to the State, is the following.

The State charged in the information that Simon Arnold Rivera had administered heroin to Carlotta Vasquez Silvas, a minor, on two occasions, August 16 and August 18, 1965. At trial, Carlotta testified that on both occasions appellant and she had

Appellant contends that the State has failed to prove the *corpus delicti;* namely, the State did not introduce into evidence *the* substance which had been administered to Carlotta, and therefore, the court committed reversible error by admitting into evidence, for illustrative purposes only, the paper containing heroin. It is further asserted that the paper of heroin and handkerchief were irrelevant and immaterial as evidence, and unduly inflammatory and prejudicial. Appellant contends that the jury was permitted to engage in the mere conjecture that he had administered heroin to Carlotta Silvas.

In State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386 (1966), the defendant, a minor, had been charged with five counts of administering a narcotic drug to a minor [A.R.S. § 36–1002.04]. The minor recipient of the drug was Carlotta Silvas. The

State introduced into evidence a paper containing heroin for illustrative purposes only, and an expert gave his opinion that the defendant had administered heroin to Carlotta Silvas. In sustaining the verdict, we stated:

"* * * [T]he issue is whether the defendant administered the narcotic drug, heroin, to the prosecutrix. A sample of the actual drug which was alleged to have been administered to Miss Silvas by the defendant was not in evidence. However, there is no reason why this crime could not be proven by circumstantial evidence just as any other crime. (Citation.) However, in this case the state introduced both direct and circumstantial evidence sufficient for the jury to find that in fact the defendant had administered heroin to the prosecutrix." 101 Ariz. at 232, 418 P.2d at 388.

■ The *corpus delicti* of a crime may be proved by direct as well as circumstantial evidence. State v. Stewart, 231 Iowa 585, 1 N.W.2d 626 (1942); People v. Wetzel, 198 Cal.App.2d 541, 17 Cal.Rptr. 879 (1961). We hold that it was not error to admit the evidence for illustrative purposes, and find that the complained of evidence was material and relevant in the proof of the *corpus delicti*. We further find that the *corpus delicti* has been proved here.

■ Appellant next contends that it was error to permit Carlotta Silvas to testify that appellant gave himself a shot, or "fix", before administering the drug to her on each occasion. While it is true that felonious acts not supported by a conviction are not admissible for the purpose of proving the particular unlawful act charged, nevertheless the court properly admitted the testimony, for such evidence was so blended and connected with the crime of which appellant was charged that proof of one incidentally explained the circumstances of the other. See State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965); State v. Tynes, 95 Ariz. 251, 389 P.2d 125 (1964).

■ On the second day of trial, appellant presented to the court two local newspaper articles which referred to the testimony of Carlotta Silvas in appellant's prosecution and related it to testimony which she had previously given in the trial of Peter Munoz Valenzuela wherein Valenzuela had been convicted of a similar crime. Valenzuela's case has been previously discussed, supra. In that respect, appellant argued that the jurors would be biased and prejudiced if they had read the articles. The court asked the jurors whether any of them had read all or parts of the articles. Three jurors acknowledged that they had; the court questioned each of the three whether they could render a fair and impartial verdict based only upon the evidence introduced in court and all affirmed that they could. The court was satisfied that the appellant would receive a fair and impartial trial, and appellant's motion for a mistrial was denied. Appellant asserts, however, that neither the questioning of the jurors nor the cautioning statements from the bench were sufficient to alleviate the prejudicial effect the articles had upon the proceedings. We have examined the transcript and two newspaper articles and finding no prejudice resulted to appellant, hold that the court properly denied appellant's motion for a mistrial.

Appellant also contends that the court committed reversible error by failing to give an instruction that Carlotta Silvas was an accomplice, and that her testimony, if uncorroborated, would be insufficient to support a verdict of guilty.

■ A witness may be an accomplice if he can be informed against for the same crime of which the defendant is accused. State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386 (1966). Section 13–136 A.R.S. (1956) provides that no conviction shall be had on the testimony of an accomplice unless the accomplice is corroborated by independent evidence which tends to connect the defendant with commission of the offense. Here, Carlotta Silvas, a minor, could not be informed against for a violation of § 36–1002.03 A.R.S.—administering

a narcotic to a minor—for the language is clear that only adults can be charged for violations of this statute. We hold, therefore, that the court properly refused to give the requested instruction.

Having examined the record in this case, and finding the appellant's assignments of error not supported by sufficient evidence to warrant a reversal, we hereby affirm the conviction and sentences rendered by the superior court.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.