STATE of Iowa, Appellee,

v.

Paul Douglas SCHOMAKER, Appellant.

No. 64304.

Supreme Court of Iowa.

March 18, 1981.

Rehearing Denied April 10, 1981.

James A. Clarity of Narey, Barbee & Clarity, Spirit Lake, for appellant.

Thomas J. Miller, Atty. Gen., and Julie F. Pottorff, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

LeGRAND, Justice.

Defendant's single-issue appeal comes to us following his conviction and sentence on two counts of delivering controlled substances in violation of section 204.401(1)(b), The Code 1979. We affirm the trial court.

The case has an unusual factual background. In 1978 defendant was charged with the crime of robbery in the first degree. He was tried on a county attorney's information alleging he had participated in a robbery of the Citizens State Bank of Marathon, Iowa, on April 10, 1978. During the robbery trial, defendant took the stand in his own behalf, testifying he could not have participated in the robbery because he was then in Spencer, Iowa, making a drug sale to a person known to him only as "Cueball". Because of time and distance, defendant, if testifying truthfully, could not have been in Marathon when the robbery took place. The robbery trial resulted in an acquittal.

The county attorney then filed an information charging defendant with violating section 204.401(1)(b), The Code 1979. Defendant was convicted on two counts of selling controlled substances for profit. Sentenced to serve a term of not more than five years in the penitentiary and to pay a fine of $300, he appealed. Although the matter is raised in several ways, the dispositive issue is whether defendant's testimony at his robbery trial constituted a judicial confession under rule 20(4), Iowa R.Crim.P. If so, it may alone serve to support a conviction; if not, the state must produce other proof that defendant committed the crime. This is of prime importance because defendant asserts there is no other proof.

Rule 20(4), Iowa R.Crim.P., is as follows: *Confession of defendant.* The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense.

As explained in *State v. Hobson,* 284 N.W.2d 239, 243 (Iowa 1979), this rule represents a significant departure from our former statute, which required only that there be other proof that the crime had been committed by *someone.* The present rule makes it necessary that the "other proof" connect the defendant with the offense.

The state contends such other proof was adduced. The defendant insists it was not. However, we need not reach that issue because we conclude defendant's confession was a judicial one which requires no corroboration.

A confession is an acknowledgement in express terms by a party in a criminal case of his guilt of the crime charged. *State v. Olson,* 260 Iowa 311, 318, 149 N.W.2d 132, 136 (1967); *State v. Hofer,* 238 Iowa 830, 831, 28 N.W.2d 475, 481 (1947). Defendant concedes his testimony at the earlier trial was a confession that he sold drugs for profit. The principal difference between him and the state arises over whether it is a judicial or extrajudicial confession. He insists it was the latter, arguing he was entitled to a directed verdict because of the absence of the other proof which rule 20.4, Iowa R.Crim.P. requires under such circumstances.

We come, then, to a determination of this question: Was defendant's confession judicial or extrajudicial? In considering this matter, we must keep in mind the reason a conviction may not rest alone on an extrajudicial confession.

Confessions are frequently the product of coercion, threats, or promises. The circumstances under which they are obtained often make them suspect and rob them of trustworthiness. *Underhill's Criminal Evidence* § 385 (5th ed. 1956 & Cum.Supp. 1970); 3 *Wigmore on Evidence* § 822, at 334 (Chadbourne, rev. 1970). Nevertheless confessions, if properly obtained without violating defendant's constitutional rights, remain the highest type of evidence.

Thus we have two seemingly conflicting doctrines: confessions are to be viewed with caution; but if voluntarily and freely given, they are highly persuasive evidence. To make certain the integrity of confessions is protected, most courts have adopted separate standards for judicial and extrajudicial

confessions. In Iowa this is accomplished both by the rule previously set out and by case law. Unless a confession is made in open court—a judicial confession—the state has the additional burden of producing additional proof connecting defendant with the crime.

In the early case of *State v. Abrams*, 131 Iowa 479, 482, 108 N.W. 1041, 1042 (1906), we said:

> Confessions are either judicial or extra-judicial. Judicial confessions are those made in conformity to law before a committing magistrate or in court in the course of legal proceedings. Extrajudicial confessions are those which are made by a party elsewhere than before a magistrate or in court. These, by the great weight or authority, independent of statute, must be corroborated by proof of the *corpus delicti.*

Defendant relies heavily on *Abrams*, particularly on this language found at 131 Iowa 484, 108 N.W. 1043:

> But, if a plea of guilty once entered is subsequently withdrawn, its force as a confession of guilt in so far as made in open court is destroyed, for, even though guilt be admitted, it is also denied and taken together does not amount to that unequivocal acknowledgment of guilt which will authorize a judgment of conviction. The manifest intention of the statute is that the confession as such may be withdrawn and the State be put upon its proof as though it had not been entered originally. Otherwise the privilege of changing the plea would be valueless, for evidence of the first plea of guilty might be received as conclusive proof of guilt, notwithstanding the changed plea of not guilty. This being so, whatever defendant may have said by way of confession to the justice must be considered in connection with his plea of not guilty in the district court, and, even though proven, in view of the change of plea, cannot be regarded as a confession in open court.

We do not believe *Abrams* affords defendant the support he claims. It is clearly distinguishable. In the first place there was no confession in *Abrams*, a concealed weapon case. Abrams maintained he had a right to carry the weapon. Furthermore, as above noted, the case turned on defendant's withdrawal, with leave of court, of his prior guilty plea. Granting permission to withdraw a guilty plea implicitly assumes it shall not later be used against defendant. Otherwise, as *Abrams* points out, it would be "valueless." This rationale does not apply under our circumstances. Defendant's in-court testimony stands just as it was given, without change or repudiation.

Perhaps the most analogous case to the one now before us is *United States v. Wilson*, 529 F.2d 913, 915 (9th Cir. 1976), which arose in this way. Wilson and one Wayne Martin were inmates of the federal penitentiary in Leavenworth, Kansas. Martin became intoxicated while drinking home brew in the prison exercise yard. He was taken back to the prison control unit and, while there, guards saw a knife fall from his person to the floor. Martin was charged with "conveying a knife from place to place within the penitentiary in violation of 18 U.S.C. § 1792."

His first trial resulted in a hung jury; his second trial ended in a verdict of guilty. Wilson testified at both trials, claiming he owned the knife and that he had planted it on Martin's person. As a result of his testimony at the Martin trials, Wilson himself was charged with same offense Martin had been convicted of.

The ninth circuit found Wilson's testimony at the previous trials was an infra-judicial confession and cited these circumstances as significant:

> There is no suggestion that Wilson's earlier testimony in the Martin trials was involuntarily given or that he was not fully advised of his Constitutional rights. In each of Martin's two trials Wilson was represented by his own counsel and the trial court in each instance fully advised Wilson of his panoply of rights.

The opinion also discusses whether corroboration of an infra-judicial confession is necessary under federal rules. We are not concerned with this because of our rule

20(4), R.Cr.P. We cite *Wilson* only because of its holding relative to infra-judicial confessions. We believe *Wilson* announces a rationale we should adopt in construing the meaning of "open court" as used in our rule.

We must give the term its ordinary meaning according to the "approved usage of the language" unless the context or manifest intent of the legislature requires otherwise. § 4.1(2), The Code 1979. We find this definition in *Black's Law Dictionary* at 1242 (4th rev. ed. 1968):

> Open court. This term may mean either a court which has been formally convened and declared open for the transaction of its proper judicial business, or a court which is freely open to the approach of all decent and orderly persons in the character of spectators. . . .

Defendant wants us to say "open court" means one which is considering the charge to which the confession applies at the time the confession is made. We can find no persuasive reasons for doing so.

■ In interpreting statutes we follow established guidelines. The principal one is to determine legislative intent. For cases discussing the general rules of statutory construction see *American Home Products Corp. v. Iowa State Board of Tax Review*, 302 N.W.2d 140, 142 (Iowa 1981); *Fleur de Lis Motor Inns, Inc. v. Bair*, 301 N.W.2d 685, 689 (Iowa 1981); *Cedar Memorial Park Cemetery Association v. Personnel Associates, Inc.*, 178 N.W.2d 343, 348, 350 (Iowa 1970). We believe "open court" as used in the rule is not limited as defendant suggests. It encompasses any court where a defendant is protected against compulsion, coercion, or other improper persuasion. There can be no doubt that defendant's confession was made in such a court. He was represented by counsel and the confession was made under questioning by his own lawyer. The proceedings were recorded; a judge was present; the trial was to a jury. We might add the confession was made voluntarily, even eagerly, when defendant needed it to secure acquittal of a much more serious crime than the one of which he now stands convicted. Under this record, it would be a clear perversion of the purpose of the rule to adopt defendant's argument, and we refuse to do so.

■ We briefly treat defendant's argument his not guilty plea was a repudiation of his confession. We do not believe it served that purpose. The effect of a not guilty plea is to deny and put in issue every material allegation in the trial information or indictment. *State v. Seehan*, 258 N.W.2d 374, 378 (Iowa 1977). It does not operate as an objection to evidence. Challenges to evidence must be raised by specific motion or objection. *State v. Washington*, 257 N.W.2d 890, 895 (Iowa 1977), *cert. denied*, 435 U.S. 1008, 98 S.Ct. 1881, 56 L.Ed.2d 390 (1979).

Defendant did not raise any ground by motion or objection which would require suppression of his confession. Nor, comparing the confession to a plea of guilty, did he urge any ground which, by analogy, would have required a guilty plea to be set aside. Therefore the confession stood as competent evidence from which the jury could find him guilty.

We hold defendant's confession was made in open court, that it was a judicial confession, and that it supports defendant's conviction of the crimes charged.

AFFIRMED.